Donald Clayton SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00091–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 2001.

Barbara A. Ford, Houston, for Appellant.

John B. Holmes, Julie Klibert, Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and BRISTER.

## OPINION

TAFT, Justice.

A jury found appellant guilty of engaging in organized criminal activity. After finding true the allegations of prior convictions for false income tax returns and engaging in organized crime in the enhancement paragraphs of the indictment, the jury assessed appellant's punishment at 60 years in prison. We review: (1) whether the evidence was legally sufficient to prove a combination; and (2) whether the trial court erred by denying appellant's motion for continuance. We reform the judgment to show appellant was convicted of theft of property of the value of over $100,000 but less than $200,000, and remand for a new trial on punishment.

## Facts

In May of 1999, the Bureau of Alcohol, Tobacco, and Firearms contacted the Houston Police Department with information that appellant, who owned a convenience store, was trading in stolen cigarettes. Officer L.D. "Rusty" Scott went undercover and posed as a seller of stolen cigarettes. Scott initially tried to sell appellant cigarettes without tax stamps, which appellant refused to buy.

In July 1999, Scott and his confidential informant sold appellant cigarettes with tax stamps on two consecutive days. Appellant and Scott discussed the possibility of conducting future deals, and Scott told appellant the cigarettes had been stolen from warehouses. A few days later, Scott sold appellant more cigarettes, and arranged for the future sale of 200 additional half-cases of cigarettes. Appellant told Scott he could "move" hundreds of cases of cigarettes for him.

On July 20, 1999, Scott and the confidential informant drove a truck containing the 200 half-cases to appellant's store.[1] When Scott asked for his payment, appellant said that the person bringing the money would arrive shortly. While Scott, the informant, and Donald Piper,[2] an employee of appellant, were unloading the truck, Deepak Sapra arrived at the store. Sapra told Scott he had known appellant for about 15 years. Sapra also told Scott he was interested in future deals. After he examined the cigarettes, Sapra told Scott he would return in about an hour with the money.

After Sapra left, Scott went to meet some other officers at a nearby hotel. When Scott returned to appellant's store, Sapra had not yet come back, but the cigarettes were being loaded into another truck. Appellant told Scott the cigarettes were loaded into the truck because Sapra did not want to use Scott's vehicle. Sapra arrived later and paid Scott the money. Sapra repeated he was interested in future deals with Scott, and gave Scott his phone number, instructing him to call directly rather than going through appellant. At the conclusion of the transaction, appellant, Sapra, and Piper were arrested.

## Sufficiency of the Evidence

In his first point of error, appellant asserts the evidence was legally and factually insufficient to prove the elements of the offense. Appellant contends that appellant, Sapra, and Piper did not form a combination, and that there is no evidence that appellant: (1) had an agreement with Sapra and Piper to commit this offense; and (2) intended to deal with Sapra in the future.

### A. Legal Sufficiency

■ The standard for reviewing the legal sufficiency of evidence to support a conviction is whether, after reviewing the evidence in a light most favorable to the verdict, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Lane v. State,* 933 S.W.2d 504, 507 (Tex.Crim.App.1996).

■ Appellant was convicted of engaging in organized criminal activity. A person commits the offense of engaging in organized criminal activity "if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of" certain enumerated offenses, including theft, as alleged in appellant's indictment. Tex.Penal Code Ann. § 71.02(a)(1) (Vernon Supp.2001).[3]

---

1. The truck was equipped with a video camera that activated whenever the back door of the truck opened.

2. Piper told Scott he had worked for appellant for five years, and later confessed he knew the cigarettes he was unloading were stolen.

3. The Penal Code provides:
   (a) "Combination" means three or more persons who collaborate in carrying on criminal activities, although:

Moreover, "the State must prove that the appellant intended to 'establish, maintain, or participate in' a group of three or more, in which the members intend to work together in a *continuing* course of criminal activities." *Nguyen v. State,* 1 S.W.3d 694, 697 (Tex.Crim.App.1999) (emphasis added). Continuity implies something more than a single *ad hoc* effort. *Id.*

■ The evidence shows that appellant told Scott he could move hundreds of cases of cigarettes. Piper, who was working for appellant during the transaction, confessed he knew the cigarettes he was unloading were stolen.[4] Appellant called Sapra, whom he had known for 15 years, to bring the money when Scott arrived with the cigarettes. This evidence shows that appellant was trading in stolen cigarettes, but does not show that appellant's transaction with Sapra was anything more than a one-time deal.

Indeed, there is no evidence that appellant, Piper, and Sapra had agreed to work together in a *continuing* course of trading in stolen cigarettes. To the contrary, Scott testified that Sapra told him he wanted to make future deals, but then asked Scott to call him directly rather than going through appellant. Accordingly, viewing the evidence in the light most favorable to the jury's verdict, a rational jury could not have found the evidence sufficient beyond a reasonable doubt to prove that appellant engaged in organized criminal activity. The evidence is legally sufficient, however, to prove that appellant

was guilty of the lesser included offense of theft.[5]

We sustain appellant's first point of error, and reform the judgment to reflect appellant was convicted of theft of property of the value of over $100,000 but less than $200,000, and remand for a new trial on punishment. *See* TEX.R.APP.P. 43.2.; *Collier v. State,* 999 S.W.2d 779, 782 (Tex. Crim.App.1999).

### B. Factual Sufficiency

Appellant does not assert the evidence was factually insufficient to prove the elements of theft, and we do not consider this point.[6]

### Motion for Continuance

In his second point of error, appellant asserts the trial court denied appellant his right to a fair trial by refusing to continue the trial. The State responds that appellant has failed to preserve error because he did not obtain a ruling on his motion for continuance.

■ Nothing in the record shows the motion was ever presented to the trial court, or that trial counsel addressed the issue of a continuance with the trial court. Because there is no evidence appellant presented his motion or obtained a ruling, he has not preserved anything for review. *See* TEX.R.APP.P. 33.1(a)(2)(A); *Mirelez v. State,* 170 Tex.Crim. 476, 342 S.W.2d 334, 336 (1961).

---

(1) participants may not know each other's identity;

(2) membership in the combination may change from time to time; and

(3) participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.

(b) "Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties.

(c) "Profits" means property constituting or derived from any proceeds obtained, directly or indirectly, from an offense listed in Section 71.02.

TEX PENAL CODE ANN. § 71.01(a)-(c) (Vernon Supp.2001).

4. Piper pled guilty to engaging in organized criminal activity.

5. The jury charge included the lesser included offense of theft.

6. Appellant judicially confessed that he committed theft in this case.

We overrule appellant's second point of error.

### Money Laundering and Search Warrant Evidence

In his third and fourth points of error, appellant asserts the trial court erred by admitting testimony that violated rule 402 of the Rules of Evidence during the punishment phase of the trial. Because we have remanded for a new trial on punishment, we do not address appellant's third and fourth points of error.

### Conclusion

We reform the judgment of the trial court to reflect that appellant was convicted of theft of property of the value of over $100,000 but less than $200,000, and remand for a new trial on punishment.