Opinion issued October 21, 2004



     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00306-CR




DONALD CLAYTON SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court 
Harris County, Texas
Trial Court Cause No. 829289




MEMORANDUM OPINION

           Appellant, Donald Clayton Smith, pleaded not guilty to the first-degree felony
of engaging in organized criminal activity. A jury found him guilty and sentenced
him to 60 years in prison. Appellant then appealed his conviction to this Court. In
an opinion issued on January 25, 2001, this Court concluded that the evidence was
legally insufficient to establish the offense of engaging in organized criminal activity. 
We reformed the judgment to show that appellant was convicted of the second-degree
felony of theft of property of the value of over $100,000 but less than $200,000 and
remanded the case to the trial court for a new trial on punishment. Smith v. State, 36
S.W.3d 908, 909-11 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). After remand,
the trial court conducted a sentencing hearing for the second-degree felony of theft. 
During this hearing, appellant waived his right to a jury trial and pleaded true to the
two allegations alleged as enhancements, and the trial court sentenced appellant to 45
years in prison for the second-degree-felony theft. 
          In eight issues, appellant complains as follows: (1) the evidence is legally
insufficient to support his conviction for engaging in organized criminal activity; (2)
the evidence failed to prove both a combination and a collaboration for more than one
criminal act; (3) his conviction for the offense of theft and remand for sentencing was
in error; (4) no factual sufficiency review was conducted and, correspondingly, no
remedy for such a review was ordered; (5) the government entrapped him; (6) the trial
court was in error when it refused to grant appellant a continuance; (7) a witness’s
allegations of money laundering were inadmissible evidence; and (8) a witness’s
testimony regarding execution of a search warrant of appellant’s residence was
inadmissible. We affirm.
Factual Background
          According to this Court’s opinion issued January 25, 2001, the facts of
appellant’s offense are as follows:
In May of 1999, the Bureau of Alcohol, Tobacco, and Firearms
contacted the Houston Police Department with information that
appellant, who owned a convenience store, was trading in stolen
cigarettes. Officer L.D. “Rusty” Scott went undercover and posed as a
seller of stolen cigarettes. Scott initially tried to sell appellant cigarettes
without tax stamps, which appellant refused to buy. 
 
In July 1999, Scott and his confidential informant sold appellant
cigarettes with tax stamps on two consecutive days. Appellant and Scott
discussed the possibility of conducting future deals, and Scott told
appellant the cigarettes had been stolen from warehouses. A few days
later, Scott sold appellant more cigarettes, and arranged for the future
sale of 200 additional half-cases of cigarettes. Appellant told Scott he
could “move” hundreds of cases of cigarettes for him. 
 
On July 20, 1999, Scott and the confidential informant drove a
truck containing the 200 half-cases to appellant’s store. When Scott
asked for his payment, appellant said that the person bringing the money
would arrive shortly. While Scott, the informant, and Donald Piper, an
employee of appellant, were unloading the truck, Deepak Sapra arrived
at the store. Sapra told Scott he had known appellant for about 15 years. 
Sapra also told Scott he was interested in future deals. After he
examined the cigarettes, Sapra told Scott he would return in about an
hour with the money. 
 
After Sapra left, Scott went to meet some other officers at a
nearby hotel. When Scott returned to appellant’s store, Sapra had not
yet come back, but the cigarettes were being loaded into another truck. 
Appellant told Scott the cigarettes were loaded into the truck because
Sapra did not want to use Scott’s vehicle. Sapra arrived later and paid
Scott the money. Sapra repeated he was interested in future deals with
Scott, and gave Scott his phone number, instructing him to call directly
rather than going through appellant. At the conclusion of the
transaction, appellant, Sapra, and Piper were arrested. 

Smith v. State, 36 S.W.3d at 909-11. The record shows that the trial court judge read
the record of appellant’s jury trial for the offense of engaging in organized criminal
activity, but neither the State nor appellant introduced any other evidence during the
sentencing hearing, after remand, on appellant’s second degree felony theft. 
Procedural Background
          This Court’s January 25, 2001 opinion sustained appellant’s contention that the
evidence was legally insufficient to prove engaging in organized criminal activity
because the State failed to prove that more than one theft occurred. This Court’s
2001 opinion also addressed and overruled appellant’s issue concerning whether the
trial court erred and denied appellant his right to a fair trial by refusing to continue
the jury trial for the offense of engaging in organized criminal activity. Because
appellant’s complaints concerning the money laundering and search-warrant evidence
pertained to alleged errors that occurred in the punishment phase of the trial for
engaging in organized criminal activity, the 2001 opinion declined to address those
issues, which were no longer applicable because we ordered a new punishment
hearing for the offense of second-degree-felony theft.
Jurisdiction over Guilt-Innocence Issues
          We have no jurisdiction to address appellant’s issues one, two, and five, which
refer to complaints about appellant’s guilt,


 because our jurisdiction in this appeal is
limited to issues concerning the punishment phase of appellant’s conviction for
second-degree-felony theft.
          When, as here, a court of appeals remands a case solely for a new trial on
punishment, that disposition effectively affirms the conviction on guilt-innocence and
reverses only the conviction on punishment. Lopez v. State, 18 S.W.3d 637, 639
(Tex. Crim. App. 2000). Accordingly, the trial court no longer has jurisdiction over
the guilt-innocence portion of the trial; its jurisdiction on remand is limited to
punishment issues. Id. at 640; see also Rische v. State, 834 S.W.2d 942, 948 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref”d) (refusing to consider alleged errors in
guilt-innocence phase of trial on grounds that Court’s first opinion had affirmed
conviction and ordered new trial limited to punishment). We decline to address
issues one, two, and five. 
 

Jurisdiction over Complaints about this Court’s 2001 Opinion
          In his fourth and sixth issues, appellant complains of errors by this Court in its
2001 opinion concerning his conviction for engaging in organized criminal activity. 
We have no jurisdiction to address complaints about this Court’s 2001 opinion.


 See
Tex. R. App. P. 50; see also Ex parte Brashear, 985 S.W.2d 460, 460 (Tex. Crim.
App. 1998) (holding court of appeals has no jurisdiction to issue corrected opinion
more than 30 days after appellant’s petition for discretionary review filed). The
proper procedure to complain of this Court’s 2001 opinion was to seek relief from the
Texas Court of Criminal Appeals.


 Tex. R. App. P. 68.1, 68.2. We decline to address
appellant’s issues four and six. Punishment Issues
           Appellant’s seventh and eighth issues concern alleged evidentiary errors that
occurred during the sentencing phase of his trial for the offense of engaging in
organized criminal activity.


 To the extent that appellant’s complaints concern his
conviction for the offense of engaging in organized criminal activity, we have no
jurisdiction to address those complaints because appellant’s conviction for that
offense was already resolved through direct appeal in 2001. Smith v. State, 36
S.W.3d 908; See Tex. R. App. P. 50; Ex parte Brashear, 985 S.W.2d at 460.
          In his eighth issue, appellant addresses a witness’s testimony during the jury
trial for the offense of engaging in organized criminal activity. Appellant contends
that the testimony, which concerned execution of a search warrant of appellant’s
residence that resulted in the seizure of illegal narcotics, was inadmissible. After
citing general case law and authority, appellant’s entire argument is as follows:
Even though the trial court has much discretion under TEX. CODE
CRIM PROC., art. 37.07, § 3(a) (VERNON’S SUPP. 2000). [sic] The
evidence was extremely prejudicial in violation of TEX.R. EVID. 404(b)
and 403. Such evidence had a substantial effect on the punishment. 
TEX. APP. P. ANN. 44.2(b) (VERNON SPEC. PAMPH. 2000.) [sic].

Appellant has neither explained how or why the evidence was “extremely
prejudicial,” nor how or why the evidence would have had any “substantial effect on
the punishment.” Although we are required to treat an issue or point raised by an
appellant as covering every subsidiary question that is fairly included, we may not
craft arguments for appellant. See Tex. R. App. P. 38.1 (e),(h); see also Oldham v.
State, 5 S.W.3d 840, 847 (Tex. App.—Houston [14th] 1999, pet. ref’d) (refusing to
consider defendant’s claim when defendant failed to develop any argument or cite to
any authority in support of asserted error).
          We overrule appellant’s issue number eight. 
          Appellant’s seventh issue also addresses testimony from his trial for the offense
of engaging in criminal activity. Appellant claims that a witness’s testimony
concerning theft and money laundering was inadmissible. After citing general case
law and authority, appellant’s only argument is as follows:
Clearly, the evidence was not necessary. The other evidence that the
State had in sentencing made jurors well aware of the prior similar
convictions because of the enhancement paragraphs. Therefore, this
evidence clearly created a prejudicial effect on the proceedings,
sufficient to prevent a fair proceeding for which there should be a
reversal. 
Appellant’s complaints concern how the evidence affected the jurors in his earlier
trial. Appellant has not made any complaint concerning how or why this evidence
may have affected the trial court in sentencing appellant for second-degree-felony
theft. Thus, appellant has not stated a clear and concise argument concerning how the
trial court may have been affected by this evidence. See Tex. R. App. P. 38.1 (h);
Oldham, 5 S.W.3d at 847. 
          We overrule appellant’s seventh issue.Double Jeopardy
           In his third issue, appellant contends that his reformed conviction for theft and
remand for “resentencing” constitute a double-jeopardy violation. After remand,
appellant filed two motions to dismiss prosecution in the trial court on the basis that
double jeopardy prohibited his reprosecution for the second-degree-felony offense of
theft following this Court’s conclusion that the evidence was legally insufficient to
support his conviction for engaging in organized criminal activity. The record
contains no ruling by the trial court on the double-jeopardy motions. Additionally,
the record shows that appellant waived a jury trial, pleaded true to the enhancements,
and made no objections during the punishment phase of his sentencing trial for 
second-degree-felony theft. 
          Accordingly, we conclude that appellant has not preserved error concerning his
complaints that his sentencing for second-degree-felony theft is barred by double
jeopardy. See Tex. R. App. P. 33.1(a)(1)(A); Gonzalez v. State, 8 S.W.3d 640, 643
(Tex. Crim. App. 2000) (holding that appellant waived double-jeopardy claim by not
objecting at trial when violation was not clearly apparent on face of record). As in
Gonzalez, the face of the record here does not show multiple punishments for the
same offense; rather, the record reflects that appellant has been sentenced only once
for second-degree-felony theft following reversal of his conviction for engaging in
organized criminal activity. See id. at 645. Appellant has not sustained his burden
to present a record of a multiple-punishment violation. See id. at 645.  
          We overrule appellant’s third issue.
 

Conclusion
          We affirm the judgment of the trial court. 
 
 

                                                             Elsa Alcala
                                                             Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).