In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-504 CR


____________________



JOE ISAAC JOHNSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 18819






MEMORANDUM OPINION


 A jury found Joe Isaac Johnson guilty on a three-count indictment for engaging in
organized criminal activity and theft. Johnson pled true to enhancement allegations that he
had previously been convicted of vehicle theft and engaging in organized criminal activity.
The trial court assessed a thirty-five year sentence on each count, to be served concurrently.
In five issues, Johnson challenges the legal and factual sufficiency of the evidence supporting
the convictions and contends the evidence corroborating the accomplice witness's testimony
is legally and factually insufficient. We hold the evidence is legally and factually sufficient
and affirm the judgment.

 A person commits the crime of engaging in organized criminal activity if, "with the
intent to establish, maintain, or participate in a combination or in the profits of a combination
or as a member of a criminal street gang, he commits or conspires to commit . . . theft . . . [.]" 
Tex. Pen. Code Ann. § 71.02(a)(1)( (Vernon Supp. 2008). "A person commits an offense
if he unlawfully appropriates property with intent to deprive the owner of property." Tex.
Pen. Code Ann. § 31.03(a) (Vernon Supp. 2008). The indictment alleged that on or about
November 24, 2004: (1) Johnson, with intent to participate in a combination consisting of
Johnson, James Lee Williams, Jr., Tanya Larue Grover, and others unknown to the grand
jury, committed theft by acquiring or otherwise exercising control over a truck valued at
$20,000 or more, but less than $100,000, with the intent to deprive the owners of the
property; (2) Johnson unlawfully appropriated, by acquiring or otherwise exercising control
over a truck valued at $20,000 or more, but less than $100,000, with the intent to deprive the
owners of the property; (3) Johnson unlawfully appropriated, by acquiring or otherwise
exercising control over a truck valued at $20,000 or more, but less than $100,000, with the
intent to deprive the owners of the property. With regard to the theft charges, the trial court
charged the jury on the law of parties. The trial court also gave an accomplice witness
instruction as to Williams. 

 The standard for reviewing the legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the jury's verdict, any rational trier of fact could
have found the essential elements of the offense charged beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In
evaluating the sufficiency of the evidence, we must consider all the evidence in the record,
including accomplice testimony. McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App.
1997). Under the accomplice witness rule, however, "[a] conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient if it merely
shows the commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
2005). To determine whether there is sufficient corroborating evidence to satisfy the
standard set forth in article 38.14, we eliminate the accomplice testimony from consideration
and then examine the rest of the record to see if there is any evidence that tends to connect
the defendant with the commission of the crime. Solomon v. State, 49 S.W.3d 356, 361 (Tex.
Crim. App. 2001). The corroborating evidence need neither directly connect the accused to
the crime nor be sufficient by itself to establish guilt; it need only tend to connect the
defendant to the offense. Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). 
Even apparently insignificant incriminating circumstances may provide sufficient
corroboration. Trevino v. State, 991 S.W.2d 849, 852 (Tex. Crim. App.1999).

 The non-accomplice evidence in the record tends to connect Johnson to the
commission of the offenses alleged in the indictment. The manager of a Livingston motor
vehicle dealership testified that two African-American males looked at a GMC Sierra pickup
truck on November 23, 2004. While the manager could not recall their names at trial, he
identified Johnson in court as one of the two men at the dealership, and specifically as the
one who was most interested in the vehicle and did most of the talking. A Livingston police
officer later testified that the manager had identified Johnson and James Lee Williams, in
photo lineups, as the two men who looked at the truck on November 23. The manager
testified that they asked for and obtained the keys to two different trucks. Attached to the
keys was a small plastic tag that revealed the key code for the vehicle. Before Johnson and
his companion left, the manager gave the men his business card. The next morning the
manager discovered that both vehicles had been stolen out of the car lot. There was no
broken glass on the ground to indicate the vehicles had been broken into. The manager still
had the dealer's copies of the keys. One of the manager's business cards, with the key codes
written on the back of the card, was later recovered from a vehicle registered to and driven
by Johnson. 

 A salesman from a different Livingston dealership testified that on November 23,
2004, Johnson and a companion expressed interest in a truck. Although Johnson arrived in
a small car with faded paint, Johnson told the manager that he was interested in trading in his
Chevy pickup for a Ford. Evidence showed the car to be the same vehicle Johnson was
driving at the time of his arrest. The salesman gave Johnson one of his business cards. The
salesman's business card was recovered, along with other business cards, during an inventory
search of Johnson's vehicle. Someone had written the key code for the vehicle on the back
of the card. Four or five days after he showed the truck to Johnson, the salesman discovered
that truck had been stolen off of the lot. The dealer's keys were still at the dealership. There
was no broken glass or other indication of forced entry. 

 An officer with the Rio Grande City police department testified that he investigated
a three-vehicle accident near the Mexico border on November 29, 2004. A new Ford pickup
truck driven by Tanya Grover struck a gray Honda Accord driven by Johnson, which in turn
struck another Ford pick-up. In checking the vehicle registration, the officer discovered the
license plate on the truck driven by Grover did not match the vehicle, and the officer
determined the truck had been stolen from a car lot in Chambers County. Unaware that
Grover had already told the officer that Johnson had paid her $150 to drive the truck from
the Houston area to Mexico, Johnson denied knowing Grover. Grover's backpack was
discovered in the trunk of Johnson's vehicle. Based on further information provided by
Grover of their scheme, the officer issued a call to be on the lookout for another vehicle
similar to the one Grover was driving. Police twenty miles away in Sullivan City stopped
James Lee Williams, Jr., who was driving a truck stolen from the same Chambers County
dealership. 

 In challenging the sufficiency of the evidence, Johnson argues that only the testimony
of the accomplice shows that Johnson, Williams, and Grover were involved in a continuing
course of criminal activity. He contends the nonaccomplice evidence is insufficient because
it fails to establish a combination of three or more persons to commit a theft and it fails to
establish Johnson's intent to establish a continuing criminal enterprise involving three or
more persons. However, the nonaccomplice evidence need not establish any of the elements
of the crime of engaging in organized criminal activity; instead, to sufficiently corroborate
the accomplice's testimony the nonaccomplice evidence must tend to connect Johnson to the
offense. See Tex. Code Crim. Proc. Ann. art. 38.14. "The phrase 'tending to connect' has
the ordinary dictionary definition, 'to serve, contribute or conduce in some degree or way 
. . . to have a more or less direct bearing or effect,' and, while not contemplating conjecture,
'has a tendency to prove the averments in the indictment.'" Holladay v. State, 709 S.W.2d
194, 198 (Tex. Crim. App. 1986) (quoting Boone v. State, 90 Tex. Crim. 374, 235 S.W. 580,
584 (1921)). In this case: (1) three trucks had been stolen without any apparent forced entry;
(2) Johnson had examined those same vehicles shortly before they were stolen; (3) Johnson
had the key codes for those same vehicles in his possession; (4) Grover's backpack was
discovered in Johnson's car; (4) at the time Grover was driving a truck stolen in Southeast
Texas towards Mexico; (5) Johnson was driving immediately in front of Grover; (6) at the
same time, Williams was twenty miles away driving another truck stolen from the same lot
as the truck Grover was driving. This evidence tends to connect Johnson to the thefts of all
five trucks. Johnson's appearance at the two car lots, followed by his traveling towards
Mexico with persons driving stolen trucks, was more than fortuitous. Thus, the
nonaccomplice evidence sufficiently corroborates the testimony of the accomplice, Williams.

 In reviewing the legal sufficiency of the evidence, we must consider the accomplice
witness testimony in addition to the nonaccomplice testimony. McDuff, 939 S.W.2d at 614. 
Williams testified that Johnson agreed to pay Williams $200 for each pickup that they stole
off of a car lot and an additional sum for driving each stolen truck to Rio Grande City. 
Williams assisted Johnson in stealing at least three vehicles from a dealership in Galveston.
Three men by the names of Steve, Dooby, and Stu also allegedly assisted Johnson with the
thefts. Johnson gave Williams the keys. Once they got the trucks to Rio Grande City,
Johnson negotiated a transaction with some Hispanic men in a back room. Next, Johnson,
Williams, and Dooby stole two more vehicles from a dealership in Houston. On two other
occasions, Johnson gave Williams a key to a vehicle which Williams drove off the lot. On
or about November 23, 2004, Williams visited the two dealerships in Livingston. Johnson
obtained the key codes from the keys the salesmen had given him and Williams wrote the
codes on the business cards. Next, they traveled to a lock company in Houston. Johnson told
the locksmith he had lost his keys in a boating accident and had keys made for the vehicles. 
They returned to the Livingston Ford dealership about 5:30 p.m. and drove the truck off of
the lot. After parking the truck at a truck stop in Houston and picking up Steve, they returned
to Livingston. Steve became nervous and did not participate in the thefts, but waited at the
Wal-Mart. Johnson drove Williams to the dealership and Williams drove away with the first
truck. After Williams parked the first truck at the Wal-Mart, Johnson took Williams back
to the lot and Williams drove off in the next truck. Johnson, Williams and Steve drove the
trucks to Rio Grande City. Johnson also paid Williams $20 for each set of paper temporary
license tags or plates that Williams stole. Next, they drove to Chambers County and stole the
two trucks that they were driving when they were arrested. Grover went with Williams to
obtain the key boxes. Johnson took Williams and another person to the Chambers County
dealership and Williams and the other person drove the trucks off of the lot. On the trip to
Rio Grande City, Williams drove one truck and Grover drove the other. According to
Williams, it was the first time Grover had been involved with the truck thefts. 

 Johnson contends the State failed to prove that Grover was a member of the
combination. For there to be a combination, three or more people must collaborate in
carrying on criminal activities. Tex. Pen. Code Ann. § 71.01(a) (Vernon 2003). The
"membership in the combination may change from time to time." Id. § 71.01(a)(2). 
Furthermore, section 71.03 states,

 It is no defense to prosecution . . . that:

 (1) one or more members of the combination are not criminally
responsible for the object offense; [or that]


 . . . .


 (4) once the initial combination of three or more persons is formed there
is a change in the number or identity of persons in the combination as long as
two or more persons remain in the combination and are involved in a
continuing course of conduct constituting an offense under this chapter. 


Id. § 71.03(1), (4). In this case, Johnson and Williams remained in the combination through
a series of seven transactions in which twelve vehicles were stolen. Four other people,
including Grover, participated with Johnson and Williams in four of those transactions. (1)
Williams testified that "basically the same people" known to Williams only as "Steve"
"Dooby" and "Stu" assisted Johnson and Williams in acquiring the vehicles from the lots and
transporting them to South Texas. The evidence that the combination included Grover is
established by her admission that she was to be paid $150 to drive the truck from Houston
to the Valley. Thus, she participated in the illegal activities of the combination and shared
in its profits. Although the evidence at trial showed Grover participated in only one theft,
the members of the combination may change while both Johnson and Williams remained in
the combination throughout. See id. § 71.03(4). Rather than show a single ad hoc effort, the
evidence adduced at trial established the collaboration required to prove the existence of a
combination for purposes of section 71.01(a). 

 Johnson relies on three cases: Nguyen v. State, 1 S.W.3d 694 (Tex. Crim. App. 1999);
Davis v. State, 89 S.W.3d 725 (Tex. App.--Corpus Christi 2002, no pet.); and Smith v. State,
36 S.W.3d 908, 909 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). All three cases are
distinguishable on their facts. 

 In Nguyen, the appellant and a group of friends attended a party sponsored by the
Asian Cultural Committee on the University of Texas campus. Nguyen, 1 S.W.3d at 695 n.1. 
Later, while eating breakfast at a restaurant, an argument erupted between the group and
members of the University of Texas Latin American Students Association over an insult to
one of the appellant's companions. Later that night, several members of the appellant's
group murdered one of the Latino students. Id. The court noted that the State need not prove
that members of a combination committed a series of criminal acts. Id. at 697. Because there
was no evidence though that the actors intended to carry on a course of criminal activities,
the evidence did not support the allegation that the appellant was a member of a combination. 
Id. at 696-97. Although the students were members of a group, and the students committed
a murder, there was no evidence that they intended to engage in a continuing series of
criminal activity. In contrast, here, Johnson recruited the others solely for the purpose of
engaging in a continuing series of automobile thefts.

 Johnson and his companions stole more than one vehicle on more than one occasion. 
Additionally, Johnson and his companions engaged in a continuing course of criminal
activities to achieve the thefts. They visited dealerships prior to stealing the vehicles. They
stole key codes and had keys cut in order to gain access to the vehicles. The vehicles were
taken off the lots and then driven to Rio Grande City where they were sold. 

 In Smith, the court held the State failed to prove that the appellant, a convenience store
owner, intended to work with the two accomplices in a continuing course of criminal
activities involving the sale of stolen cigarettes. Smith, 36 S.W.3d at 909-10. Although the
appellant indicated an intention to engage in future transactions, the only evidence supporting
the element of "continuing course" of criminal activities were statements by the appellant
and accomplice that they wanted to make future deals. Id. The court reasoned that the State
failed to prove the continuity of the combination required to sustain a conviction for
engaging in organized criminal activity. Id. at 910. While the evidence showed that
appellant was trading in stolen cigarettes, it did not show that appellant's transaction with his
accomplice was anything more than a one-time deal. Id. In contrast, Johnson and Williams
together stole vehicles out of car lots on at least seven occasions. 

 In Davis, the appellant brought two stolen cows to a stockyard. Davis, 89 S.W.3d at
727-28. A stockyard employee testified that he had seen the appellant previously at the
stockyard with an accomplice. Id. at 728. The accomplice, who was in prison at the time of
the cattle theft, testified that he and the appellant brought stolen cows to the stockyard on
prior occasions and split the proceeds. Id. at 730. On one occasion, the appellant asked the
accomplice's brother to pick up a check and cash it. Id. The brother did so, although he
knew he did not own any cattle, and split the proceeds with the appellant. Id. The evidence
showed that the appellant committed a series of crimes with one accomplice and that he
committed the charged offense. However, there was no evidence that the original twosome
ever turned into a group of three or more. Nor was there sufficient evidence that a group of
three or more committed the charged offense. Additionally, the court found that had a group
of three or more existed, there was no evidence that the group intended to steal cattle on more
than the occasion in question. Id. at 731. Therefore, the continuity required for a
combination was not established by the evidence. Id. In contrast, here the evidence
establishes that Johnson and Williams recruited four other people to drive trucks off of the
lots and transport the stolen vehicles to the Valley on more than one occasion. 

 In Johnson's case, the participants' course of collaboration in carrying on a series of
vehicle thefts establishes their intent to work together in a continuing course of criminal
activity. We hold that the jury could rationally find beyond a reasonable doubt that Johnson,
with the intent to establish, maintain, or participate in a combination or in the profits of a
combination, committed theft as alleged in the indictment. 

 Johnson argues that the evidence of organized criminal activity is so weak that the
verdict is clearly wrong and manifestly unjust. See Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we review all
of the evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006). Then, we determine whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11.

 Johnson does not explain how the evidence is weak, but he does argue that Grover's
statements were hearsay and argues that Grover is either innocent or an accomplice. Johnson
concedes there was no trial objection to the officer's testimony regarding Grover's
statements. Hearsay that is not objected to is not denied probative value merely because it
is hearsay. See Tex. R. Evid. 802. A statement against penal interest is admissible. See
Tex. R. Evid. 803 (24). Furthermore, the reliability of Grover's statements to the officer was
established through confirmation that her backpack was in the trunk of Johnson's car and that
Williams was nearby in a stolen truck similar to the one she was driving. Moreover, the State
did not have to prove that Grover was criminally responsible for the thefts from the
Livingston dealership in order to prove that Johnson was acting as a member of a
combination when Johnson stole the trucks. See Tex. Pen. Code Ann. § 71.03(1). Because
the evidence when viewed in a neutral light is not too weak to support the jury's verdict, the
jury could reasonably have concluded that Johnson engaged in organized criminal activity.

 Johnson also challenges the legal and factual sufficiency of the evidence supporting
his convictions for theft. Johnson argues that the nonaccomplice evidence does not tend to
connect him to the thefts. In this case: (1) the two trucks had been stolen without any
apparent forced entry; (2) Johnson had examined those same vehicles shortly before they
were stolen; (3) Johnson had the key codes for those same vehicles in his possession; (4)
while he was convoying with a person who was driving a truck stolen in Southeast Texas
towards Mexico. This evidence bears directly on the truth of the allegations in the
indictment. Because the nonaccomplice evidence tends to connect Johnson to the thefts
alleged in the second and third counts of the indictment, it sufficiently corroborated the
testimony of the accomplice. See Tex. Code Crim. Proc. Ann. art. 38.14. 

 Johnson argues the evidence is legally and factually insufficient to support the theft
convictions because that evidence does no more than establish his presence at the scene with
the accomplice. To the contrary, Johnson actively participated in acquiring the key codes and
in obtaining the keys that made it possible for Williams to drive the trucks off of the lot
without the owners' permission. 

 We hold the nonaccomplice evidence sufficiently corroborates the accomplice
testimony. Considering all of the evidence in the light most favorable to the verdict, a
rational jury could have found all of the elements of the count of engaging in organized
criminal activity and the two counts of theft to have been proven beyond a reasonable doubt. 
See Jackson, 443 U.S. at 319. Considering all of the evidence in a neutral light, that evidence
is not so weak that the jury's verdict is clearly wrong and unjust. See Watson, 204 S.W.3d
at 414-15. Accordingly, we overrule issues one through five and affirm the judgment.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008

Opinion Delivered December 17, 2008

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. The indictment did not name the other members of the combination. See Tex. Code
Crim. Proc. Ann. art. 21.07 (Vernon Supp. 2008). Their names are non-essential elements
of the offense for purposes of a sufficiency analysis. See generally Brown v. State, 159
S.W.3d 703, 709 (Tex. App.--Texarkana 2004, pet. ref'd) (citing Gollihar v. State, 46 S.W.3d
243, 246-48 (Tex. Crim. App. 2001)).