NO. 07-05-0088-CR

NO. 07-05-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 10, 2006

______________________________

SHANNON DEWAYNE THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,282-B & 49,283-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Following open pleas of guilty, appellant Shannon Dewayne Thompson was convicted of indecency with a child and aggravated sexual assault of a child.  Punishment was assessed at 20 years confinement.  Presenting a sole issue, appellant contends the trial court erred in failing to accurately admonish him on probation prior to accepting his pleas.  We affirm.

Appellant was convicted of offenses for which probation is not available.
(footnote: 1)  
See
 Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(C) & (E) (Vernon Pamph. Supp. 2005).  Pursuant to a plea of guilty, the trial court must admonish a defendant, among other things, on the range of punishment.  
See
 
id.
 at art. 26.13(a)(1) (Vernon Supp. 2005).  The range of punishment does not include probation.  Price v. State, 866 S.W.2d 606, 610 (Tex.Cr.App. 1993).  If, however, a court volunteers an admonishment on the availability of probation, it imposes a duty upon itself to accurately admonish the defendant.  Ex Parte Williams, 704 S.W.2d 773, 775 (Tex.Cr.App. 1986).  Error has been found when a trial court improperly admonishes a defendant regarding probation, and the record demonstrates the defendant was seeking probation.  Harrison v. State, 688 S.W.2d 497, 499 (Tex.Cr.App. 1985).

Appellant argues the trial court erred in misstating his eligibility for probation thereby making him unaware of the consequences of his plea because he was seeking probation.  The State contends, and we agree, that when taken in its entire context, the plea hearing demonstrates appellant was hoping for deferred adjudication probation, for which he was eligible.

In part, appellant was admonished as follows:

The Court: Do you understand – well, there is no recommendation in these cases, so do you understand that pursuant to your plea, I have a number of things that I could do?  I could put you on probation, I could defer adjudication, I could find you guilty and sentence you up to those ranges of punishment that we talked about in this case – you understand those are kind of the ranges of the things that could happen today?

[Appellant]: Yes, sir. 

Taken out of context, the court’s admonishment appears to offer regular probation.  However, a review of the entire plea proceeding and the record from the motion for new trial hearing demonstrate appellant testified in hope of, and defense counsel argued for, deferred adjudication probation.  The offenses appellant was charged with did not preclude his eligibility for deferred adjudication community supervision.  
See
 Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a). 

Prior to hearing punishment evidence, the trial court announced, “I do accept your plea[s] of guilty.  I find the evidence is sufficient to sustain a finding of guilt, 
but I will reserve my final judgment until such time as I have heard the punishment evidence . . . .
”  (Emphasis added).  During the punishment phase, appellant testified as follows:

Q. You’re here today because you want to ask the Judge to put you on deferred probation.

A.  Yes.

* * *

Q.  That’s the plans [sic] you have in the near future should the Judge grant your desire for deferred probation?

A.  Yes.

Q. Now, we’ve talked about the requirements that you are going to have – whether you are found guilty and then convicted . . . .

A. Yes.

Following presentation of the punishment evidence, the trial court announced it found appellant guilty in both causes and sentenced appellant to 20 years confinement.

At the hearing on the motion for new trial, defense counsel pleaded with the trial court to postpone its decision and give appellant another chance.  Counsel stated, “[i]f you  put him on deferred adjudication, you would still have the full range of punishment.”

A review of the proceedings in the underlying causes demonstrates the trial court did not erroneously admonish appellant that he was eligible for regular probation.  Also, we have found nothing in the record showing appellant misunderstood the consequences of his plea.  Appellant’s sole issue is overruled.

Accordingly, the trial court’s judgments are affirmed.

Don H. Reavis

    Justice

  

Do not publish.åßÑthey shot him.
(footnote: 3)  

Appellant was charged in a two-count indictment with engaging in organized criminal activity in violation of article 71.02 of the Texas Penal Code (Vernon 2003).
(footnote: 4)  Specifically, the first paragraph of count one of the indictment alleged that appellant 

with intent to establish, maintain and participate in a combination and in the profits of a combination did then and there conspire and agree with Donald Thompson, Jason Jarrett and Roman Powers to commit the criminal offense of murder, and . . . pursuant to said agreement did then and there perform an overt act, to-wit: shoot Ivan Floyd with a firearm.

In count two’s second paragraph, it was alleged that appellant

with intent to establish, maintain and participate in a combination and in the profits of a combination, did then and there conspire and agree with Donald Thompson, Jason Jarrett and Roman Powers to commit the criminal offense of aggravated kidnapping, and . . . pursuant to said agreement did then and there perform an overt act, to-wit: abduct Ivan Floyd and use and exhibit a deadly weapon, namely, a firearm during said abduction.  

Finally, in count two of the indictment, appellant was alleged to have

 

 commit[ted] the offense of aggravated assault by shooting an individual, Ivan Floyd with a firearm, and said offense was committed with intent to establish, maintain and participate in a combination and in the profits of a combination.
(footnote: 5)
 

At the conclusion of the State’s evidence at trial, the court granted appellant’s motion for instructed verdict in part, finding the evidence insufficient to support the submission of a fact issue to the jury concerning the organized criminal activity portions of the indictment.  However, the court denied appellant’s motion for instructed verdict regarding the lesser included offenses of aggravated kidnapping in count one and aggravated assault in count two.
(footnote: 6)  Finding appellant guilty of both offenses, the jury assessed as punishment a ten-year probated sentence for the aggravated kidnapping charge and five years confinement in the Institutional Division of the Texas Department of Criminal Justice for the aggravated assault charge.  By this appeal, appellant challenges only the conviction for aggravated assault.

In his first point of error, appellant complains he was subjected to multiple punishments for the same criminal conduct in violation of the Fifth Amendment’s prohibition against double jeopardy when the trial court entered judgments of conviction against him for both aggravated kidnapping and aggravated assault. U.S. Const., amend. V.
(footnote: 7)   Specifically, he contends that because the indictment alleged against him but one offense, engaging in organized criminal activity, and the jury found him guilty of the lesser included offense of aggravated kidnapping, double jeopardy barred him from being subject to the additional punishment for aggravated assault.

In support of his contention, appellant relies upon Nguyen v. State, 1 S.W.3d 694 (Tex.Cr.App. 1999).  In 
Nguyen
, the Court held that the phrase “collaborate in carrying on criminal activities” from the organized criminal activity statute cannot be understood to include an agreement to jointly commit a single crime.  
Nguyen
, 1 S.W.3d at 697.  In the case at bar, the trial court, following 
Nguyen
, determined that the State failed to prove the organized criminal activity portions of the indictment.  However, the trial court concluded that the State had raised fact issues with respect to aggravated kidnapping and aggravated assault sufficient to warrant the submission to the jury of those two offenses as lesser included ones. 

In spite of appellant’s assertions to the contrary, nothing in the 
Nguyen
 decision restricted the trial court’s decision whether to submit one or more lesser included offenses after finding the State had failed to meet its burden regarding the organized criminal activity elements of the indictment.  Therefore, the issue left to resolve under appellant’s first point of error is whether double jeopardy barred multiple punishments for aggravated kidnapping and aggravated assault offenses arising out of the same criminal transaction.  

The Double Jeopardy Clause of the United States Constitution embodies three protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense.  Cervantes v. State, 815 S.W.2d 569, 572 (Tex.Cr.App. 1991), 
cert. denied
,112 S.Ct. 1213 (1992) (citing Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)).  When a defendant is convicted of two or more crimes in a single trial, only the last of these protections is implicated.  
See 
Ex parte Herron, 790 S.W.2d 623, 624 (Tex.Cr.App. 1990).  

A court may impose cumulative punishment in a trial for the violation of two statutes, regardless of whether those two statutes proscribe the “same” conduct under the other two types of double jeopardy prohibitions, if the Legislature so intends.  Reina v. State, 940 S.W.2d 770, 775 (Tex.App.–Austin 1997, pet. ref’d)(citing 
Missouri v. Hunter
, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, (1983)). Therefore, the double jeopardy guarantee against multiple punishments for the same offense does no more than prevent greater punishment than the Legislature intended.  Duvall v. State
, 
59 S.W.3d 773, 777 (Tex.App.–Austin 2001, pet. ref’d).
  
If a court determines the Legislature intended to impose cumulative sentences for the same conduct, the court may end its inquiry and impose both sentences.
  Reina
, 940 S.W.2d at 775.

When the same act or transaction violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element.  Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).  One of the elements of aggravated kidnapping is the abduction of another.  Tex. Pen. Code Ann. §
 20.04(a) & (b) (Vernon 2003).  Abduction is not an element of aggravated assault.  Tex. Pen. Code Ann. § 22.02 (Vernon 2003).  In order to prove the aggravated assault charge in this case, the State was required to prove that appellant caused, or threatened to cause, bodily injury to the victim.  Causing, or threatening to cause, bodily injury was not an element of aggravated kidnapping as alleged here.  Consequently, the offenses for which appellant was tried and convicted each had a unique element and were not the “same offense” under the 
Blockburger
 analysis.

Even when two penal statutes have unique elements and are, therefore, not the same under 
Blockburger
, other factors may lead to the conclusion that the Legislature did not intend to permit multiple punishments when the same conduct violates both statutes.
  Duvall
, 59 S.W.2d at 777 (citing Ervin v. State, 991 S.W.2d 804, 814 (Tex.Cr.App. 1999)).  However, none of the relevant factors enumerated in the 
Ervin
 decision apply to the offenses at issue in this case.  Aggravated kidnapping, under the facts of this case, is a first degree felony, while aggravated assault is a second degree.  Moreover, the offenses are not contained in the same statute, are not phrased in the alternative, and are not similarly named.  Nor, is the gravamen of aggravated kidnapping and aggravated assault the same.  Rather, the focus of kidnapping is abduction, while the focus of aggravated assault is injury or the threat of injury.  
Duvall
, 59 S.W.2d at 778.  Appellant does not assert an imputed theory of liability which would result in the offenses being considered the same under 
Blockburger
.  Finally, appellant does not provide, nor have we discovered in our independent review, any legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.  Thus, we are not persuaded that the Legislature intended to prohibit multiple punishments under the circumstances shown here.  Appellant’s first point of error is overruled.

Appellant suggests by his second point of error, as we perceive it, that since the first paragraph of count one alleged conspiracy to commit murder as the underlying offense for engaging in organized criminal activity, the offense of aggravated assault was necessarily a lesser included one.  Then, because the trial court essentially entered a judgment of acquittal as to that allegation and any of its lesser included offenses when it partially granted appellant’s motion for instructed verdict, double jeopardy barred his conviction for aggravated assault under count two of the indictment.  We disagree.

During the hearing on appellant’s motion for instructed verdict, the trial court initially granted the motion in its entirety.  The State, however, requested and was granted the opportunity to brief the court on the issues raised by the motion.  During the subsequent proceedings, the State, while not joining in appellant’s motion, agreed not “to preserve the point for appeal purposes . . . the granting of the Motion for Instructed Verdict as to the engaging in organized criminal activity.”  With respect to the first paragraph of count one, the State explained, “it’s my understanding of the law that conspiracy to commit a crime like murder is not a lesser included [offense] of engaging in organized criminal activity, and so that charge would not be able to go to the Jury.”  Later in the proceeding, the court announced, “All right, sir.  I’m going to adopt the State’s position.”  Taken together, we believe the foregoing statements illustrate an intent by the State to abandon, and an intent by the court to accept the abandonment of, the first allegation included in the indictment.

   The only legal consequence of an abandoned allegation is that a criminal defendant cannot in a subsequent trial be prosecuted on the abandoned count.  Ex parte Scelles, 511 S.W.2d 300, 301 (Tex.Cr.App. 1974).  Since the State abandoned the conspiracy to commit murder allegation prior to its submission to the jury, the trial court’s written order partially granting the motion for instructed verdict did not amount to the rendition of an acquittal as to that allegation.  As a consequence, double jeopardy did not bar appellant’s conviction under count two of the indictment.  Appellant’s second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

    

FOOTNOTES
1:
The Legislature replaced the term probation with the phrase “community supervision” in 1993. 
 See
 Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3716.

3:
4:
5:
6:
7: