**Hoang Viet Huu NGUYEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1673–98.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 22, 1999.

in organized criminal activity, Penal Code section 71.02. He appealed, and the Third Court of Appeals affirmed the murder conviction but ordered an acquittal as to the organized crime conviction. *Nguyen v. State*, 977 S.W.2d 450 (Tex.App.—Austin 1998).

We granted discretionary review to resolve two issues in the definition of the offense of engaging in organized criminal activity.

A person commits the offense of engaging in organized criminal activity "if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more [enumerated offenses]." Penal Code § 71.02(a). A "combination" is defined as "three or more persons who collaborate in carrying on criminal activities." Penal Code § 71.01(a).

■ The first issue concerns the meaning of "combination." Should Penal Code section 71.01(a)'s phrase "collaborate in carrying on criminal activities" be understood to include an agreement to jointly commit a single crime? If it does bear that meaning, the evidence in this case was sufficient to prove a combination. But if something more is required to prove a combination, as the Court of Appeals held, the evidence was insufficient.[1]

Allen C. Isbell, Houston, for appellant.

Matthew Paul, State's Atty., Austin, for the State.

WOMACK, J., delivered the opinion for a unanimous Court.

The appellant was convicted of murder, Penal Code section 19.02(b), and engaging

---

1. Both the State and the appellant adopted the factual summary of the Court of Appeals:

On April 21, 1995, Nguyen [the appellant] and a group of friends attended a party sponsored by the Asian Cultural Committee on the University of Texas campus. The party ended about 2:00 a.m. and a group of twenty-five to thirty young people decided to have breakfast at a Coco's restaurant located at IH35 and Oltorf Street in Austin. Also during this evening, the University of Texas Latin American Students Association sponsored a party. A group of four young men including Jose de la Morena left this party and also decided to have breakfast at Coco's.

The two groups were seated near each other in the restaurant. A female in Nguyen's group was walking back from the restroom past Morena's table when Morena said "show me your nipples" or "sugar nipples." She returned to her friends and told them about the remark. Her group soon left the restaurant, but seven males, including Nguyen, returned and confronted Morena's group in the restaurant demanding that the person who made the statement step outside.

Three bouncers from a local nightclub were eating nearby and came over to help calm the situation. The manager had someone call the police, and she asked Nguyen's group to leave and asked Morena

The State argues that the phrase "collaborate in carrying on criminal activities," given its broadest possible meaning, can be understood to include an agreement to jointly commit a single crime. We hold that it cannot.

■ In statutory interpretation, we endeavor to give effect to the whole statute, which includes each word and phrase, if possible. *Ex parte Matthews*, 933 S.W.2d 134, 136 n. 3 (Tex.Cr.App.1996); *Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex.Cr.App. 1996).

The State offers to define the phrase "collaborate in carrying on criminal activities" as "work[ing] jointly in doing or conducting a crime." Brief at 11. Such a definition would be at odds with the language of the statute. The verb "carrying on" connotes an action that continues over time. The plural object, "activities," implies that the combination seeks to do more than one thing. If the legislature intended the meaning that the State advances, the natural language should have been, "collaborate in committing a criminal act," or the like.

We also observe that with the construction proposed by the State, the term "combination" adds nothing more to the statute than the words "three or more." The State already must show that the appellant committed or conspired to commit one of the enumerated offenses. *See* Penal Code § 71.02(a) ("he commits or conspires to commit one or more of the following"). If the legislature intended this construction, it would have been easier to say: "A person commits an offense when he commits or conspires to commit one of the following enumerated crimes with two or more other people."

Followed to its natural conclusion, this construction makes the phrase "collaborate in carrying on criminal activities" in the definition of "combination" superfluous. The commission or conspiracy to commit one of the enumerated offenses by definition includes the specific intent to *do or conduct the crime*. Thus, with that definition, the "intent to establish, maintain, or participate in a combination" adds nothing more to the statute than the intent to do the crime with two or more other people.

■ Moreover, we cannot interpret a phrase within a statute in isolation; we must look at the phrase *in situ*. *Thomas v. State*, 919 S.W.2d 427, 430 (Tex.Cr.App. 1996). The context of the entire organized crime statute gives clues to the meaning of undefined words. The Court of Appeals correctly noted:

and his friends to finish their meals and leave. Nguyen's group left immediately. Upon leaving the restaurant, Nguyen, Mike Ly, and Jason Pan agreed among themselves to return and fight. They eventually went to Nguyen's apartment, and someone told Nguyen to get the "gats," meaning guns. Nguyen retrieved a .22 semi-automatic rifle. As they left the apartment, Mike Ly's roommate, Linh Pham, joined the group.

The four rode back to Coco's in Mike Ly's small two-door car. Ly drove, Nguyen rode in the front passenger seat, Pan sat behind Nguyen, and Pham sat behind the driver. They testified that they intended to go back to the restaurant and scare Morena's group by shooting the gun. When they returned to Coco's, they circled the restaurant checking the area for police and verifying that their targets were still there. Ly parked the car next door to the restaurant. The group sat quietly waiting in the car for Morena's group to exit the restaurant.

Morena and two friends, Bryan Lord and Armando Gutierrez, left the restaurant just before 4:00 a.m. Ly saw the group leaving and started the car. He pulled the car onto the interstate access road just in front of Coco's. Morena and his friends were standing around Lord's Volkswagen when Nguyen began firing the rifle. Morena received a fatal shot to the head as well as a shot in the leg. Gutierrez received a shot in the leg, but Lord was not wounded.

At trial, Nguyen admitted that he fired the weapon, that Ly drove the car, and that Pan passed the gun to him from the backseat. He testified that he did not aim the rifle but merely intended to scare the victims. He testified he "freaked out" when he learned on the news the next night that Morena had died.

*Nguyen*, 977 S.W.2d at 452.

Language used later in the Penal Code chapter on organized crime implies an element of continuity: for example, it is no defense to prosecution for engaging in organized crime that "once the initial combination is formed there is a change in the number or identity of persons as long as two or more persons remain in the combination and are involved *in a continuing course of conduct constituting an offense under this chapter.*"

*Nguyen,* 977 S.W.2d at 455 (emphasis in original) (quoting Penal Code § 71.03(4)). In section 71.01 the term "carrying on criminal activities" likewise implies continuity—something more than a single, *ad hoc* effort.

Therefore, we hold that the phrase "collaborate in carrying on criminal activities" cannot be understood to include an agreement to jointly commit a single crime; the State must prove more than that the appellant committed or conspired to commit one of the enumerated offenses with two or more other people.

The Court of Appeals said that the "something more" that the State must prove is "continuity," in other words, that the appellant and two or more people agreed to "work together in a continuing course of criminal activities." *Id.* We agree. Construing the statute to give meaning to all of the words contained therein leads to the conclusion that the State must prove that the appellant intended to "establish, maintain, or participate in" a group of three or more, in which the members intend to work together in a continuing course of criminal activities.

■ We are not saying that the acts which prove this element of the offense must be criminal offenses. A good example of this is found in *Barber v. State,* 764 S.W.2d 232 (Tex.Cr.App.1988), in which the appellants set up a scheme to steal oil. Holding that the evidence was sufficient to support the jury's verdict, this Court found that the element of "intent to establish, maintain, or participate in a combination or the profits of a combination" was proved by evidence of putting up the money for the operation, leasing property where stolen oil would be stored, calling to set up operations, setting up telephone service at the terminal where oil would be sold, moving oil storage tanks to the leased property, purchasing trucks and hiring drivers to transport the stolen oil, opening bank accounts, and making agreements for the sale of the oil. In the context of a legitimate business, none of these actions constitute evidence of a crime. In the context of organized crime when the goal is to set up a criminal organization, the acts listed above provide evidence of intent to do more than agree to commit one crime.

■ In this case, the Court of Appeals was correct in holding that the evidence was insufficient to prove an intent to establish, maintain, or participate in a combination. The evidence does not indicate that there was any intent to form a group to carry on criminal activities, and the State does not point to any evidence in the record that supports such a finding. We hold that the evidence is legally insufficient to support the jury's verdict.

■ In another ground for review, the State asks whether the evidence must prove that members of a combination committed a series of criminal acts to support a conviction for engaging in organized criminal activity. The answer is No, and the Court of Appeals did not hold to the contrary. Its opinion expressly stated:

Importantly, we note that one may engage in organized crime by committing one or more of the proscribed acts with the intent to *establish* a combination; accordingly, the proscribed action may be the first actual crime committed by a member of the combination.

*Nguyen,* 977 S.W.2d at 455. The holding of the Court of Appeals that something more than proof of the commission of the enumerated offense is required, which we have approved today, is not a requirement that more than one criminal offense must be proved to establish the offense.

Moreover, this holding is not, as the State asserts, inconsistent with this Court's opinion in *Barber v. State*, 764 S.W.2d 232 (Tex.Cr.App.1988). The Court in *Barber* did not address the point with which we deal today. The Court granted review of the question, "When a jury is charged that only five actors formed a criminal combination, and those five are tried jointly, can the convictions of any of the defendants stand if one or more is acquitted?" *Id.* at 234. This Court's holding that not all five members had to be convicted for the conviction of any one member to stand[2] does not conflict with the holding of the Court of Appeals in this case.

Because the Court of Appeals did not adopt a requirement that the State prove more than one offense to establish engaging in organized criminal activity, the State's other ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

---

2. The Court said, "To be guilty of the offense of organized criminal activity an actor must commit or conspire to commit one or more of the enumerated crimes, with the specific intent of participating in a criminal group of at least five persons." *Barber,* 764 S.W.2d at 235. A person could be a member of a combination without committing the offense of engaging in organized criminal activity. If that member does not commit or conspire to commit one of the enumerated offenses, or conspires to commit an enumerated offense but does not perform an overt act in pursuance of the agreement, then he has not committed the offense of engaging in organized crime. *See* Penal Code §§ 71.01–.02; *Barber,* 764 S.W.2d at 235.