TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00335-CR







John Paul Vasquez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0983714, HONORABLE BOB PERKINS, JUDGE PRESIDING







A jury found appellant John Paul Vasquez guilty of murder and assessed
punishment at imprisonment for ninety-nine years. See Tex. Penal Code Ann. § 19.02 (West
1994). Appellant contends the district court erroneously permitted witnesses and spectators to
wear buttons bearing a photograph of the deceased. He also complains that a photograph of the
deceased should not have been admitted in evidence. We will overrule these contentions and
affirm.

Defense counsel and the court had the following exchange at the bench immediately
before the first witness testified:


[Counsel]: Judge, I just noticed a number of people in the courtroom have
buttons. I object to those buttons.


THE COURT: I think in terms of them wearing them in the courtroom,
that's okay, but I do want the witnesses to remove those before they take the stand. 
So if you will instruct those witnesses. But in terms of people sitting out there, I
don't think there's any problem with them wearing it. In terms of the witness
doing that, we want them to take it off before.



Counsel again raised the button issue on the fourth day of trial, when the deceased's sister was
called to testify at the punishment phase:


[Counsel]: Judge, I'm going to renew my objection about the button. I
believe earlier in the trial you were not going to allow any witnesses to wear any
buttons with the deceased's picture on it. I objected when you allowed the mother
to come here with a button. You overruled your prior ruling. I would ask you to
abide by your first ruling in the case of not allowing any witnesses to wear any
buttons of the deceased. I think it's highly prejudicial.


THE COURT: How is it prejudicial? A photograph of the deceased was
introduced. She's the sister.


[Counsel]: I think there's case law in point on this.


THE COURT: That's when the whole room is flooded with people wearing
buttons.


[Counsel]: Well, the whole room is flooded with people wearing those
buttons.


THE COURT: I don't see anybody in here with those buttons. I see the
whole right half of the courtroom where nobody has any buttons in the first two
rows. On the left side I see some people that have buttons and after that I don't
see any buttons in the last few rows. This is one witness coming in. She's the
sister of the deceased.


[Counsel]: I'll state for the record there are fewer people today. I can see
three people who have buttons in the audience than there were Monday morning
in the trial [sic]. Isn't that correct?


THE COURT: I said originally that I did not want them wearing buttons. 
The only exception I made to that was the mother when the mother was testifying. 
Now the sister.[ (1)]



A defendant is constitutionally guaranteed the right to be tried by impartial jurors
whose verdict is based on the evidence at trial rather than elicited by external influences. See
Howard v. State, 941 S.W.2d 102, 117 (Tex. Crim. App. 1996); Nguyen v. State, 977 S.W.2d
450, 457 (Tex. App.--Austin 1998), aff'd, 1 S.W.3d 694 (Tex. Crim. App. 1999). A defendant
seeking reversal on the basis of external juror influence must show either actual or inherent harm. 
See Nguyen, 977 S.W.2d at 457. The test for actual influence is whether jurors actually
articulated being aware of a prejudicial effect. See id. Inherent influence is shown by a
reasonable probability that the influence interfered with the jury's verdict and is a rarity reserved
for extreme situations. See id.

The quoted passages are all the record contains with regard to the buttons. We
know that the buttons bore a photograph of the deceased, that some members of the audience wore
the buttons during trial, and that the deceased's mother and sister wore a button when they
testified. We do not know the size of the buttons, the number or percentage of spectators wearing
the buttons, or how prominently the buttons were worn. Appellant did not raise the button issue
in his motion for new trial and there is no evidence that any juror noticed the buttons, much less
was influenced by them. On this record, there clearly is no showing of actual influence.

It is impossible to tell from this record whether the buttons were such an
overwhelming presence that it was reasonably probable they influenced the jury's verdict. Insofar
as the courtroom spectators are concerned, this cause is indistinguishable from Nguyen. In that
case, we found the record insufficient to warrant an inference of prejudice arising from the
presence of spectators wearing buttons with a photograph of the deceased. See Nguyen, 977
S.W.2d at 457. This cause differs from Nguyen in that two witnesses were permitted to wear the
buttons. But the witnesses were the deceased's mother and sister, and the jury would likely infer
that they supported the prosecution even without the buttons. While appellant has not
demonstrated that the district court reversibly erred by denying his request to have the spectators
and witnesses remove the buttons, such displays, particularly by witnesses, should be avoided.. 
Issues one and two are overruled.

Appellant's last issue concerns State's exhibit 33, a framed photograph of the
deceased. The photograph was identified by the deceased's mother as a photograph taken about
one year before the murder. Appellant objected that the photograph was irrelevant and unfairly
prejudicial. The court overruled the objection, ruling that "the jury is entitled to see a picture of
the [deceased] in life before he was murdered."

Appellant argues that the photograph did not tend to make a fact of consequence
more or less probable, and was therefore irrelevant. See Tex. R. Evid. 401. The only purpose
of the exhibit, appellant asserts, was to evoke the jury's sympathy for the deceased's family and
friends. Appellant contends this potential for what he considers unfair prejudice outweighed the
probative value of the photograph. See Tex. R. Evid. 403.

The State replies that the photograph was used to identify the deceased, a fact of
consequence in any murder prosecution. See Penry v. State, 903 S.W.2d 715, 751 (Tex. Crim.
App. 1995). The medical examiner was asked to compare exhibit 33 with a photograph of the
body taken at autopsy. She stated that they pictured one and the same person. In Penry, the
court concluded that admitting an in-life photograph to identify the deceased was not an abuse of
discretion, holding that its probative value outweighed its prejudicial effect. See id. at 752. 
Appellant does not persuade us to reach a different conclusion here. Issue three is overruled.

The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: March 2, 2000

Do Not Publish
1. The deceased's mother testified during the guilt phase. Appellant did not object on the
record to her wearing a button. Given the court's remarks, we will assume that an objection was
made and overruled off the record.



that was the mother when the mother was testifying. 
Now the sister.[ (1)]



A defendant is constitutionally guaranteed the right to be tried by impartial jurors
whose verdict is based on the evidence at trial rather than elicited by external influences. See
Howard v. State, 941 S.W.2d 102, 117 (Tex. Crim. App. 1996); Nguyen v. State, 977 S.W.2d
450, 457 (Tex. App.--Austin 1998), aff'd, 1 S.W.3d 694 (Tex. Crim. App. 1999). A defendant
seek