In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-513 CR


____________________



ROBERT C. SINGLETON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court


Jasper County, Texas


Trial Cause No. 8980






MEMORANDUM OPINION


 A jury convicted Robert C. Singleton of injury to a child, with an affirmative finding
on the use or exhibition of a deadly weapon. The jury sentenced Singleton to two years'
confinement in the Texas Department of Criminal Justice, Institutional Division. Singleton
appeals raising two issues.

 In his first issue, Singleton claims the State failed to prove he acted "recklessly." (1) 
When an accused arms himself with a firearm and fires in the direction of a person or
persons, his actions involve a perceived risk that was disregarded. See Licon v. State, 99
S.W.3d 918, 928 (Tex. App.--El Paso 2003, no pet.) (citing Moreno v. State, 38 S.W.3d 774,
779-80 (Tex. App.--Houston [14th Dist.] 2001, no pet.); Nguyen v. State, 977 S.W.2d 450,
456-57 (Tex. App.--Austin 1998), aff'd, 1 S.W.3d 694 (Tex. Crim. App. 1999); Cardona v.
State, 973 S.W.2d 412, 416-17 (Tex. App.--Austin 1998, no pet.); Espinosa v. State, 899
S.W.2d 359, 365 (Tex. App.--Houston [14th Dist.] 1995, pet. ref'd)). We therefore find the
State met its burden. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979); Clewis v. State, 922 S.W.2d 126, 134-36 (Tex. Crim. App. 1996). Issue one is
overruled.

 Issue two complains of the trial court's charge to the jury. The record reflects an
objection was made as to the wording of the paragraph on criminal responsibility. Appellate
counsel mistakenly claims there was an objection as to the definition of reckless. Regardless,
the language in the charge is identical to that set forth in Tex. Pen. Code Ann. §§ 6.03(c),
6.04 (Vernon 2003). Accordingly, we find the trial court did not err in instructing the jury
on either criminal responsibility or recklessness. Issue two is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on June 25, 2004 

Opinion Delivered July 14, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Tex. Pen. Code Ann. § 6.03(c) (Vernon 2003) provides:

 (c) A person acts recklessly, or is reckless, with respect to circumstances surrounding
his conduct or the result of his conduct when he is aware of but consciously disregards a
substantial and unjustifiable risk that the circumstances exist or the result will occur. The
risk must be of such a nature and degree that its disregard constitutes a gross deviation from
the standard of care that an ordinary person would exercise under all the circumstances as
viewed from the actor's standpoint.