

**NUMBER 13-08-00037-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JERRY PEREZ, JR.,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

**On appeal from the 103rd District Court of Cameron County, Texas.**

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Justice Yañez

A jury convicted appellant, Jerry Perez, Jr., of murder and engaging in organized criminal activity.[1]  By two issues, appellant contends that:  (1) there was legally insufficient evidence to support the conviction of engaging in organized criminal activity; and (2) his double jeopardy rights were violated.  We reverse the conviction of engaging in organized

---

[1] *See* TEX. PENAL CODE ANN. §§ 19.02, 71.02(a) (Vernon 2003).

criminal activity and render an acquittal as to that charge.[2]

## I. BACKGROUND

Appellant, and his girlfriend, Angie Marie Castillo, were walking past a house on Gardenia Street where approximately fifteen men were sitting outside. There was evidence that some of the men were members of the "Vallucos" gang. As appellant and Castillo passed the house, one of the men, whom Castillo identified as "Tomas," grabbed her bottom. In his video statement to police, appellant claimed that one of the men spit at him and that some of the men had knives. Appellant and Castillo walked away. Subsequently, appellant called his friend, "Flaco," and they contacted several members of the "Texas Syndicate" gang. Flaco picked up several men in a black Lincoln, including Juan Gerardo Gonzalez. Gonzalez testified that when they picked up a man named "Basuldo" or "Basaldo Galvan," either appellant or Flaco asked him to get a gun. Galvan complied, and the group drove to the house on Gardenia Street. Gonzalez and another man followed the Lincoln in a minivan. Appellant was in the Lincoln with Castillo, Flaco, Galvan, and another man. Gonzalez testified that when they arrived at the house on Gardenia, he saw Galvan fire in the direction of the house, and that when "they unloaded [the gun]," the Lincoln "took off." According to Gonzalez, one of the men who had been standing in front of the house then "pulled-out a sawed-off shotgun" and started shooting at the Lincoln. When the shooting stopped, the men in the minivan drove away.

Jose Angel Torrez, who was standing in front of the house, died as a result of a gunshot wound to the chest. The jury was instructed that appellant was guilty of engaging in organized criminal activity if he committed the offense of murder "with the intent to

---

[2] Appellant does not challenge his conviction of murder.

2

establish[,] maintain[,] or participate in a combination[,] or in the profits of a combination who collaborated in carrying on said criminal activity . . . ."[3] The jury convicted appellant of murder (Count I) and engaging in organized criminal activity (Count II). The trial court sentenced appellant to forty years' confinement on both counts to be served concurrently. This appeal ensued.

## II. Discussion

By his first issue, appellant contends that the evidence was legally insufficient to support his conviction of engaging in organized criminal activity. The State agrees with appellant and requests that this Court vacate appellant's conviction of engaging in organized criminal activity.

The offense of engaging in organized criminal activity is committed "if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more [enumerated offenses]."[4] A "combination" is defined as "three or more persons who collaborate in carrying on criminal activities."[5] However, "collaborate in carrying on criminal activities" does not include an agreement to jointly commit a single crime.[6] In other words, to establish participation in a combination, the State may not simply prove that the appellant committed or conspired to commit one

---

[3] *See* TEX. PENAL CODE ANN. § 71.02 (providing that one is guilty of engaging in organized criminal activity if he or she commits or conspires to commit murder "with the intent to establish, maintain or participate in a combination or in the profits of a combination, or as a member of a criminal street gang."). We note that the State did not allege that appellant was a member of a criminal street gang.

[4] *Nguyen v. State*, 1 S.W.3d 694, 695 (Tex. Crim. App. 1999) (en banc).

[5] TEX. PENAL CODE ANN. § 71.01(a) (Vernon 2003).

[6] *Nguyen*, 1 S.W.3d at 697.

3

of the enumerated offenses with two or more other people.[7]  Instead, the State must prove that the appellant, with a group of three or more, intended "to work together in a continuing course of criminal activities," which "implies continuity—something more than a single, *ad hoc* effort."[8]

Here, there is no evidence that appellant intended to work together with the group in a continuing course of criminal activities.  The evidence presented proved that appellant conspired to commit a single act, a "drive-by" shooting, with two or more people, which resulted in the death of Torrez.  The State concedes that this single criminal act does not establish the continuity required to establish the elements of the offense of engaging in organized criminal activity.  Accordingly, after carefully reviewing the record in the light most favorable to the verdict, we conclude that a rational jury could not have found the evidence sufficient beyond a reasonable doubt to prove that appellant engaged in organized criminal activity.[9]  We sustain appellant's first issue.[10]

## III. CONCLUSION

We reverse the trial court's judgment as to Count II, engaging in organized criminal

---

[7] *Id.*

[8]  *Id.* at 696-97; *Arredondo v. State*, 270 S.W.3d 676, 683 (Tex. App.–Eastland 2008, no pet.) ("[A] combination requires proof of more than working jointly to commit a crime but requires proof of continuity.").

[9] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

[10] By his second issue, appellant contends that his right against double jeopardy was violated when he was convicted of both murder and engaging in organized criminal activity.  *Having acquitted appellant of engaging in organized criminal activity*, we need not address appellant's second issue, as it is not dispositive of this opinion.  *See* TEX. R. APP. P. 47.1.  Furthermore, the remedy for a double jeopardy violation "is to retain the most serious offense and vacate the other, the more serious offense ordinarily being defined as the offense for which the greatest sentence was assessed."  *Littrell v. State*, 271 S.W.3d 273, 279 (Tex. Crim. App. 2008).

activity, and render an acquittal as to that charge.[11]  This leaves standing the judgment against appellant for murder in the same trial court.  None of the appellant's issues challenged this conviction.  Thus, our ruling today relates only to the conviction for engaging in organized criminal activity.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 19th day of November, 2009.

---

[11] *See* TEX. R. APP. P. 43.2(c); *Nguyen v. State*, 977 S.W.2d 450, 455 (Tex. App–Austin  1998), *aff'd*, 1 S.W.3d 694).