

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00374-CR

**BENNY WATERS,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. F44407

## MEMORANDUM  OPINION

Benny Lee Waters was charged in a three count indictment with engaging in organized criminal activity, theft, and evading arrest with a vehicle. Upon his plea of guilty, the jury convicted Waters of the offenses of theft and evading arrest with a vehicle. Waters pleaded not guilty to the offense of engaging in organized criminal activity, and the jury convicted him of that offense. The jury assessed his punishment at forty years confinement for the offense of engaging in organized criminal activity, twenty years confinement and a $5,000 fine for the offense of theft, and two years

confinement and a $1,500 fine for the offense of evading arrest with a vehicle. Waters appeals his conviction for engaging in organized criminal activity. We affirm.

In his sole issue on appeal, Waters argues that the evidence was insufficient to support his conviction for the offense of engaging in organized criminal activity.

**Standard of Review**

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Furthermore, we must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a legal sufficiency review. *Clayton v. State*, 235 S.W.3d at 778; *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004). The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing an actor's guilt. *Clayton v. State*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**Facts**

On January 8, 2010, at 1:30 a.m., the Burleson Police Department received a call of suspicious activity on Parkview Drive. Two black males were reported to be walking down the street looking inside of vehicles, and one of the men was attempting to conceal a flashlight. Ben Williams, a resident on Parkview Drive, testified at trial that

he saw a small black car driving with no headlights and that two men ran out from beside a house and jumped in the car.

Officer Shawn Martin responded to the call, and he observed a black car driving without headlights. The black car was followed by an older model pickup. Officer Martin initiated a traffic stop on the black car and requested that another officer stop the pickup. Paul McGown was the driver of the black car. Officer Martin testified that the vehicle had a broken steering column, that there was a flashlight in the front passenger floorboard, and that there was a clipboard in the back seat of the vehicle. Officer Martin placed McGown under arrest for an outstanding warrant.

Officer Cameron Pilgrim initiated a traffic stop on the pickup. When Officer Pilgrim approached the pickup, the driver drove away. Officer Pilgrim and a backup unit pursued the pickup. The pickup eventually stalled, and the driver fled on foot. Waters was the driver of the pickup. The passenger in the pickup, Russell Johnson, did not flee and was taken into custody by police. Police received a call of someone trying to break into a home in the area. Officer Pilgrim went to the residence and caught Waters in the backyard. He was then taken into custody.

Officer Pilgrim testified that the pickup was damaged. The "vent window" on the side of the pickup was broken out to provide access to the door. The steering column was also broken so that the pickup could be operated without a key.

The police began investigating around the neighborhood. Officer John Morgan testified that he noticed a residence with broken glass in the driveway. He contacted

the owner of the residence who informed him that he had parked a 1983 Chevrolet pickup in the driveway that night and that the pickup was stolen.

Officer Morgan performed an inventory of the black car. The clipboard found in the car had printout advertisements from the Craig's List website on vehicles for sale. The vehicle listings were mostly for older Chevrolet or General Motors vehicles. Officer Morgan testified that older Chevrolet and General Motors vehicles are easy to steal. There was an advertisement for a 1990 Chevrolet Blazer for sale on Parkview Drive. The police also found a map to the residence on Parkview Drive in the black vehicle. Officer Morgan went to that residence. There was a Chevrolet Blazer at that residence, but the Blazer was blocked in by a utility vehicle and could not be moved.

**Analysis**

The jury was instructed that a person commits the offense of engaging in organized criminal activity if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, the person commits theft. TEX. PENAL CODE ANN. § 71.02(a)(1) (West 2011). A "combination" is "three or more persons who collaborate in carrying on criminal activities." *Nguyen v. State*, 1 S.W.3d 694, 696 (Tex. Crim. App. 1999).

A finding of guilt for engaging in organized criminal activity requires (1) an intent to participate in a criminal combination and (2) performance of some act, although not necessarily criminal in itself, in furtherance of the agreement. *Nwosoucha v. State*, 325 S.W.3d 816, 831 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). Because direct evidence is rarely available to prove the existence of an agreement, circumstantial

evidence is sufficient and is almost always needed. *Id*. The jury may therefore infer an agreement among a group working on a common project when each person's action is consistent with realizing the common goal. *Id*.

Waters argues that the evidence is insufficient to support his conviction for engaging in organized criminal activity because there is no evidence that the three men collaborated in carrying on criminal activities. He first argues that he acted alone in stealing the pickup.

The record indicates that Waters, McGown, and Johnson had traveled together from Dallas to Burleson. Two black males were reported to be walking on Parkview Drive looking inside of vehicles. Waters admitted to getting out of the car and walking down the street. Ben Williams saw a black car driving without headlights at 1:30 in the morning and two males jumped into the car. McGown was later stopped driving a black car with no headlights, and Waters and Johnson were together in the stolen pickup behind him. The car contained information on vehicles for sale on Craig's List, including a vehicle on Parkview Drive. There was also a map from McGown's house in Dallas to the residence on Parkview Drive advertising the vehicle for sale. The record supports a finding that the three men acted in a joint effort to steal the vehicle.

Waters next argues that even if the three men had an agreement to steal the vehicle, there is no evidence of criminal activities to support a conviction. In *Nguyen*, the Court held that the phrase "collaborate in carrying on criminal activities" cannot be understood to include an agreement to jointly commit a single crime. *Nguyen v. State*, 1 S.W.3d at 697. The State must prove "continuity" in that the appellant and two or more

people agreed to work together in a continuing course of criminal activities. *Id*. However, the acts which prove this element of the offense need not be criminal offenses. *Id*.

Waters, McGown, and Johnson traveled together from Dallas to Burleson at 1:30 in the morning with a clipboard containing listings for several older model Chevrolet and General Motors vehicles for sale. They were arrested near the address of one of the vehicles listed in the advertisements, with a map from McGown's house to that residence. They also had printed out maps to some of the other residences advertising vehicles for sale.

Waters stated to Detective Feucht that a buyer had offered him $700 for a truck. Waters stated that the man wanted a motor from a Chevrolet vehicle. Many of the listings of the vehicles for sale were Chevrolet vehicles. Waters further stated that he could steal anything on four wheels.

One may engage in organized crime by committing one or more of the offenses set out in TEX. PENAL CODE ANN. § 71.02 (West 2011) with the intent to establish a combination. *See Nguyen v. State*, 1 S.W.3d at 697. The proscribed action may be the first actual crime committed by a member of the combination. *Id.* The evidence is sufficient to support a finding that Waters, along with McGown and Johnson, collaborated in carrying on criminal activities. We overrule Waters's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirm
Opinion delivered and filed August 3, 2011
Do not publish
[CRPM]