ACCEPTED
12-15-00018-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/29/2015 4:28:07 PM
Pam Estes
CLERK

CAUSE NUMBER 12-15-00018-CR

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/29/2015 4:28:07 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS FOR THE

TWELFTH APPELLATE DISTRICT OF TEXAS

AT TYLER

FILED

9/29/2015

Twelfth Court of Appeals
Pam Estes
Clerk

TIMOTHY TANNER VIATOR

VS.

THE STATE OF TEXAS

CAUSE NUMBER 31,699

IN THE 3RD JUDICIAL DISTRICT COURT

ANDERSON COUNTY, TEXAS

**APPELLANT'S BRIEF**

Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone: 903-723-1923
Facsimile: 903-723-0269
Email: cmcfall@mcfall-law-office.com
Counsel for Appellant

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellant

provides a complete list of all parties and the names and addresses of Counsel:

Defendant:
Timothy Tanner Viator
1200 East Lacy Street
Palestine, Texas 75801

Defendant's Trial Counsel:
Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:  903-723-0269

State's Trial Counsel:
Stanley Sokolowski
First Assistant Criminal District Attorney
Anderson County Courthouse
500 North Church Street
Palestine, Texas 75801
Telephone:  903-723-7400
Facsimile:  903-723-7818

09-29-2015

Appellant:                           Timothy Tanner Viator
Hutchins Unit
1500 East Langdon Road
Dallas, Texas 75241

Appellant's Counsel:          Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:  903-723-0269

Appellee's Counsel:           Allyson Mitchell
Criminal District Attorney
Anderson County Courthouse
500 North Church Street
Palestine, Texas 75801
Telephone:  903-723-7400
Facsimile:  903-723-7818

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................2

TABLE OF CONTENTS.........................................................................................4

INDEX OF AUTHORITIES....................................................................................5

STATEMENT OF THE CASE................................................................................7

STATEMENT REGARDING ORAL ARGUMENT.............................................8

ISSUES PRESENTED

    I.      THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A

          CONVICTION FOR ENGAGING IN ORGANIZED CRIMINAL

          ACTIVITY .......................................................................9

STATEMENT OF FACTS.....................................................................................10

SUMMARY OF THE ARGUMENT......................................................................13

ARGUMENT..........................................................................................................16

PRAYER.................................................................................................................21

CERTIFICATE OF COMPLIANCE....................................................................22

CERTIFICATE OF SERVICE.............................................................................23

09-29-2015

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

FEDERAL

    Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

    (1979)...............................................................................16

TEXAS

    Arredondo v. State, 270 S.W.3d 676
    (Tex.App.-Eastland 2008, no pet.)..................................18

    Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App.2010)................16

    Dowdle v. State, 11 S.W.3d 233 (Tex.Crim.App.2000)..................18

    Hart v. State, 89 S.W.3d 61, (Tex.Crim.App.2002)...................17

    Hooper v. State, 214 S.W.3d 9 (Tex.Cri,App.2007)...................16

    Isassi v. State, 330 S.W.3d 633 (Tex.Crim.App.2010)..................17

    Montgomery v. State, 369 S.W.3d 188 (Tex.Crim.App.2012).........17

    Munoz v. State, 29 S.W.3d 205
    (Tex.App.-Amarillo 2000, no pet.)...............................19

    Nguyen v. State, 1 S.W.3d 694 (Tex.Crim.App.1999)..............17, 18

    Ross v. State, 9 S.W.3d 878 (Tex.App.-Austin 2000, pet. ref'd).......18

## RULES AND STATUTES                                    PAGE

TEXAS PENAL CODE

Section 71.01(a), Texas Penal Code....................................17, 18

Section 71.02(a) (1), Texas Penal Code...............................17

TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i) (3), Texas Rules of Appellate Procedure.....................22

Rule 38.1(a), Texas Rules of Appellate Procedure.......................2

Rule 38.1(e), Texas Rules of Appellate Procedure.......................8

## STATEMENT OF THE CASE

On the 10th day of April 2014, an Anderson County Grand Jury returned a five count Indictment, charging Appellant with four counts of Forgery (Counts I – IV) and a single count (County V) of Engaging in Organized Criminal Activity (C.R., Vol. 1, Pg. 5).

On the 7th day of October 2014, Appellant plead not guilty to the four counts of Forgery (R.R., Vol. 2, Pg. 82, L. 21), (R.R., Vol. 2, Pg. 82, L. 24), (R.R., Vol. 2, Pg. 83, L. 2), (R.R., Vol. 2, Pg. 83, L. 5) and the single count of Engaging in Organized Criminal Activity (R.R., Vol. 2, Pg. 83, L. 8).

On the 9th day of October 2014, the jury found Appellant guilty of four counts of Forgery (R.R., Vol. 4, Pg. 106, L. 4), (R.R., Vol. 4, Pg. 106, L. 9), (R.R., Vol. 4, Pg. 106, L. 14), (R.R., Vol. 4, Pg. 106, L. 19) and a single count of Engaging in Organized Criminal Activity (R.R., Vol. 4, Pg. 106, L. 24).

On the 19th day of December 2014, the Court sentenced Appellant to ten (10) years confinement in Count I (R.R., Vol. 5, Pg. 27, L. 23), ten (10) years confinement in Count II (R.R., Vol. 5, Pg. 28, L. 3), ten (10) years confinement in Count III (R.R., Vol. 5, Pg. 28, L. 6), ten (10) years confinement in Count IV (R.R., Vol. 5, Pg. 28, L. 9), and twelve (12) years confinement in Count V (R.R., Vol. 5, Pg. 28, L. 12).

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to *Rule 38.1 (e)*, Texas Rules of Appellate Procedure, Appellant

provides the following Statement Regarding Oral Argument:

Appellant does not request Oral Argument.

## ISSUE PRESENTED

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR ENGAGING IN ORGANIZED CRIMINAL ACTIVITY.

## STATEMENT OF FACTS

Appellant and Co-Defendant Colby Mitchell developed a history of taking road trips together. Co-Defendant Colby Mitchell testified he would provide a vehicle and drive, while Appellant would pay for Co-Defendant Colby Mitchell's time, gas and expenses (R.R., Vol. 4, Pg. 10, L. 5-13). Co-Defendant Colby Mitchell further testified that in February of 2014, Appellant contacted him to make a road trip to Texas (R.R., Vol. 4, Pg. 10, L. 16). Although Appellant stated, via a videotaped statement, that Co-Defendant Colby Mitchell offered to pay Appellant's way on the Texas road trip (Exhibit 28). Co-Defendant Colby Mitchell testified that he and his cousin, Co-Defendant Troy Mouton, living together (R.R., Vol. 4, Pg. 10, L. 16), but Co-Defendant Colby Mitchell's driver's license had been suspended (R.R., Vol. 4, Pg. 11, L. 4), and Co-Defendant Troy Mouton's vehicle was impounded (R.R., Vol. 4, Pg. 11, L. 12). Thus, Co-Defendant Joshua Breaux, with a valid license and vehicle, also joined the road trip (R.R., Vol. 4, Pg. 11, L. 12).

The four Co-Defendants stopped at a friend's house (R.R., Vol. 4, Pg. 11, L. 24) (Exhibit 30), and stores (R.R., Vol. 3, Pg. 103, L. 3), (R.R., Vol. 3, Pg. 104, L. 1), (R.R., Vol. 4, Pg. 12, L. 4), (R.R., Vol. 4, Pg. 12, L. 16), (Exhibit 30) for cigarettes (R.R., Vol. 3, Pg. 103, L. 5), (R.R., Vol. 3, Pg. 104, L. 6), (R.R., Vol. 3,

Pg. 104, L. 20) (R.R., Vol. 4, Pg. 12, L. 18) (R.R., Vol. 4, Pg. 12, L. 20) drinks (R.R., Vol. 3, Pg. 104, L. 20) and McDonald's for food (R.R., Vol. 4, Pg. 12, L. 19). The four Co-Defendants stopped for gas when Co-Defendant Breaux came running out of the store and they drove away (R.R., Vol. 4, Pg. 12, L. 22) (R.R., Vol. 4, Pg. 24, L. 3). Co-Defendant Colby Mitchell, knowing Co-Defendant Breaux has a history of violence and running off at the mouth (R.R., Vol. 4, Pg. 24, L. 23), believed Co-Defendant Joshua Breaux was running from a fight (R.R., Vol. 4, Pg. 12, L. 24) (R.R., Vol. 4, Pg. 25, L. 7).

Later, Co-Defendant Colby Mitchell realize Co-Defendant Breaux was possessing counterfeit money. (R.R., Vol. 4, Pg. 12, L. 25). Co-Defendant Colby Mitchell testified that Co-Defendant Colby Mitchell (R.R., Vol. 4, Pg. 13, L. 9), Co-Defendant Joshua Breaux (R.R., Vol. 4, Pg. 13, L. 4), (R.R., Vol. 4, Pg. 13, L. 14) and Co-Defendant Troy Mouton received the Counterfeit money from Appellant (R.R., Vol. 4, Pg. 13, L. 19).

Co-Defendant Mouton testified he knew the money was fake (R.R., Vol. 3, Pg. 105, L. 10) (R.R., Vol. 3, Pg. 114, L. 13) (R.R., Vol. 3, Pg. 114, L. 15) because Co-Defendant Joshua Breaux told him the money was fake (R.R., Vol. 3, Pg. 105, L. 12), (R.R., Vol. 3, Pg. 105, L. 14) (R.R., Vol. 3, Pg. 106, L. 2). Co-Defendant Mouton also stated that Appellant had all the money and that he would ask Co-

Defendant Mouton to spend money for Appellant (Exhibit 27).

Officers stopped the vehicle at J.J.'s 107 (R.R., Vol. 3, Pg. 9, L. 4) and detained Co-Defendant Troy Mouton, Co-Defendant Colby Mitchell, and Co-Defendant Breaux (R.R., Vol. 3, Pg. 10, L. 22). Appellant had walked across the street and passed a counterfeit fifty dollar bill at the Boxcar Deli (R.R., Vol. 3, Pg. 11, L. 9) (R.R., Vol. 3, Pg. 11, L. 5), (R.R., Vol. 3, Pg. 13, L. 21), (R.R., Vol. 3, Pg. 111, L. 18). Appellant saw the police detained Co-Defendant Troy Mouton, Co-Defendant Colby Mitchell, and Co-Defendant Breaux at J.J.'s 107, and left the scene (Exhibit 28). The State eventually took Appellant into custody at the Dogwood Theater (R.R., Vol. 3, Pg. 12, L. 9). Appellant was found in possession of five counterfeit fifty dollar bills (R.R., Vol. 3, Pg. 14, L. 3),

## SUMMARY OF THE ARGUMENT

## THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR ENGAGING IN ORGANIZED CRIMINAL ACTIVITY.

The legal sufficiency standard is the only standard a reviewing Court should apply in determining whether the evidence is sufficient to support a guilty verdict. The critical inquiry is, in viewing the evidence in the light most favorable to the prosecution after a verdict of guilt, whether *any* rational jury could have found the essential elements of the crime beyond a reasonable doubt.

Each fact does not need to directly and independently point to the guilt of the Appellant as long as the cumulative force of all the incriminating circumstances is ultimately sufficient to support the conviction.

When performing a legal sufficiency review, Courts may not reevaluate the weight and credibility of the evidence and substitute their own judgment for that of the jury. When faced with record supporting contradictory inferences, we presume the jury resolved conflicts in favor of the verdict.

A Defendant commits the offense of Engaging in Organized Criminal Activity if, with the intent to establish, maintain, or participate in a combination, he commits or conspires to commit one or more of the enumerated offenses, including

forgery. A "combination" is three or more persons who collaborate in carrying on criminal activities. The Court has construed this language as requiring a "continuing course of criminal activities." This involves more than the intent to merely commit an enumerated offense, a plan to commit a single act, or proof of working jointly to commit a crime—it requires proof of continuity.

The activities do not have to individually be criminal offenses to satisfy the statutory requirement, and a single criminal offense can be sufficient. However, the statute requires proof of intended continuity, i.e., that "the appellant intended to establish, maintain, or participate in' a group of three or more, in which the members intend to work together in a continuing course of criminal activities."

Evidence that multiple criminal violations occurred is not alone sufficient to establish intent to engage in a continuous course of criminal activity when all of the alleged violations occurred during a single criminal episode.

To satisfy the continuity element, the State must offer evidence to prove the Defendant intended to participate in a continuing course of criminal activity. The combination's members must be more than temporarily organized to engage in a single criminal episode. There must be proof of intent to participate in a criminal combination that extends beyond a single criminal episode, *ad hoc* effort, or goal, regardless of whether multiple laws were broken within the confines of that episode

or effort. Evidence of multiple criminal violations alone does not permit the inference that the members of the group intended to continue working together beyond the completion of an episode or achievement of a goal. The State must offer evidence that allows a jury to infer that the group intended to continue engaging in illegality over a period of time.

Appellee failed to evidence that Appellant intended to participate in a continuing course of criminal activity. Appellee failed to evidence the combination's members were more than temporarily organized to engage in a single criminal episode. Appellee failed to evidence an intent to participate in a criminal combination that extends beyond a single criminal episode, *ad hoc* effort, or goal, despite the multiple laws that were broken within the confines of that episode or effort. Appellee failed to introduce evidence that allowed the Jury to infer that the group intended to continue engaging in illegality over a period of time. Essentially, Appellee proved nothing more than a single criminal episode that merely contained more than one criminal offense.

## ARGUMENT

## THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT A CONVICTION FOR ENGAGING IN ORGANIZED CRIMINAL ACTIVITY.

The legal sufficiency standard is the only standard a reviewing Court should apply in determining whether the evidence is sufficient to support a guilty verdict *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App.2010). The critical inquiry is, in viewing the evidence in the light most favorable to the prosecution after a verdict of guilt, whether *any* rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App.2010) (Holding that all Texas criminal cases are only to be reviewed under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

Each fact does not need to directly and independently point to the guilt of the Appellant as long as the cumulative force of all the incriminating circumstances is ultimately sufficient to support the conviction. Circumstantial evidence is equally as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to support a conviction. *Hooper v. State*, 214 S.W.3d 9, 13

(Tex.Crim.App.2007).

When performing a legal sufficiency review, Courts may not reevaluate the weight and credibility of the evidence and substitute their own judgment for that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex.Crim.App.2012); see also *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App.2010) ("[O]ur role is not to become a thirteenth juror."). When faced with a record supporting contradictory inferences, we presume the jury resolved conflicts in favor of the verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex.Crim.App.2012).

A Defendant commits the offense of Engaging in Organized Criminal Activity if, with the intent to establish, maintain, or participate in a combination, he commits or conspires to commit one or more of the enumerated offenses, including forgery. *Tex. Penal Code* § 71.02(a) (1). *Section 71.01(a)*, Texas Penal Code, defines a "combination" as three or more persons who collaborate in carrying on criminal activities. The Court of Criminal Appeals has construed this language as requiring a "continuing course of criminal activities." *Nguyen v. State,* 1 S.W.3d 694, 697 (Tex.Crim.App.1999). This involves more than the intent to merely commit an enumerated offense, a plan to commit a single act, or proof of working jointly to commit a crime—it requires proof of continuity. *Hart v. State,* 89 S.W.3d 61, 63–64 (Tex.Crim.App.2002); *Nguyen v. State,* 1 S.W.3d 694, 696-97

(Tex.Crim.App.1999).

The activities do not have to individually be criminal offenses to satisfy the statutory requirement, and a single criminal offense can be sufficient. *Nguyen v. State,* 1 S.W.3d 694, 697 (Tex.Crim.App.1999); *see also Dowdle v. State,* 11 S.W.3d 233, 236 (Tex.Crim.App.2000) (continuous activities after a shooting included fleeing, re-grouping, discussing a plan of action, and traveling to another country with stolen goods). However, the statute requires proof of intended continuity, i.e., that "the appellant intended to establish, maintain, or participate in' a group of three or more, in which the members intend to work together in a continuing course of criminal activities." *Nguyen v. State,* 1 S.W.3d 694, 697 (Tex.Crim.App.1999).

Evidence that multiple criminal violations occurred is not alone sufficient to establish an intent to engage in a continuous course of criminal activity as required under *Section 71.01(a),* Texas Penal Code, when all of the alleged violations occurred during a single criminal episode. *See Arredondo v. State,* 270 S.W.3d 676 (Tex.App.-Eastland 2008, no pet.) (Holding proof of numerous crimes at a party alone was not sufficient to demonstrate the crimes were more than a one-time event or episode); *Ross v. State,* 9 S.W.3d 878 (Tex.App.-Austin 2000, pet. ref'd) (Holding evidence of a series of assaults alone was not sufficient to show an intent

to engage in a continuing course of criminal activity beyond a single criminal episode); *Munoz v. State,* 29 S.W.3d 205 (Tex.App.-Amarillo 2000, no pet.). (Holding proof of multiple criminal violations alone was not sufficient to show that group's criminal activity would endure beyond achievement of single goal).

To satisfy the continuity element as set forth in *Nguyen,* the State must offer evidence to prove the Defendant intended to participate in a continuing course of criminal activity. E.g., *Ross v State,* 9 S.W.3d 878, 882 (Tex.App.-Austin 2000, pet. ref'd). The combination's members must be more than temporarily organized to engage in a single criminal episode. *See Munoz v. State,* 29 S.W.3d 205, 208-09 (Tex.App.-Amarillo 2000, no pet.). There must be proof of an intent to participate in a criminal combination that extends beyond a single criminal episode, *ad hoc* effort, or goal, regardless of whether multiple laws were broken within the confines of that episode or effort. See *Arredondo v. State,* 270 S.W.3d 676, 682–83 (Tex.App.-Eastland 2008, no pet.). Evidence of multiple criminal violations alone does not permit the inference that the members of the group intended to continue working together beyond the completion of an episode or achievement of a goal. *See Munoz v. State,* 29 S.W.3d 205, 210 (Tex.App.-Amarillo 2000, no pet.). The State must offer evidence that allows a jury to infer that the group intended to continue engaging in illegality over a period of time *Munoz v. State,* 29 S.W.3d

205, 210 (Tex.App.-Amarillo 2000, no pet.).

Furthermore, Appellee failed to evidence that Appellant intended to participate in a continuing course of criminal activity. Appellee failed to evidence the combination's members were more than temporarily organized to engage in a single criminal episode. Appellee failed to evidence an intent to participate in a criminal combination that extends beyond a single criminal episode, *ad hoc* effort, or goal, despite the multiple laws that were broken within the confines of that episode or effort. Appellee failed to introduce evidence that allowed the Jury to infer that the group intended to continue engaging in illegality over a period of time.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays the Appellate Court find the evidence is legally insufficient to support a conviction for engaging in Organized Criminal Activity and reverse Appellant's conviction on Engaged in Organized Criminal Activity and render a judgment acquitting him of Engaged in Organized Criminal Activity.

# CERTIFICATE OF COMPLIANCE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, pursuant to *Rule 9.4(i)(3)*, Texas Rules of Appellate Procedure, hereby certify the number of words within Appellant's Brief at three thousand, one hundred, thirty two (3,132).

RESPECTFULLY SUBMITTED,

COLIN D. MCFALL
Attorney at Law
Texas Bar Number:           24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:   903-723-1923
Facsimile:   903-723-0269
Email:  cmcfall@mcfall-law-office.com

## CERTIFICATE OF SERVICE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, hereby certify service of a true and correct copy of the above and foregoing document upon Anderson County Assistant Criminal District Attorney, Scott Holden, at sholden@co.anderson.tx.us, by email transmission, on the 29th day of September 2015.

RESPECTFULLY SUBMITTED,

COLIN D. MCFALL
Attorney at Law
Texas Bar Number:      24027498

513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:  903-723-0269
Email: cmcfall@mcfall-law-office.com