ACCEPTED
12-15-00018-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/14/2015 3:53:50 PM
Pam Estes
CLERK

## ORAL ARGUMENT NOT REQUESTED

**CAUSE NO. NO. 12-15-00018-CR**

**IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/14/2015 3:53:50 PM
PAM ESTES
Clerk

_____

**TIMOTHY TANNER VIATOR,**
Appellant

**VS.**

**THE STATE OF TEXAS,**
Appellee

_____

**Appeal in Cause No. 31699
On Appeal from the Third Judicial District Court
of Anderson County, Texas**

_____

**BRIEF FOR STATE**

_____

**M. Brian Evans
Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
Palestine, Texas  75801
Texas Bar No. #24082972
903/723-7400**

i

# IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE DEBORAH OAKES EVANS

**DEFENDANT/APPELLANT:**

TIMOTHY TANNER VIATOR

**FOR THE DEFENDANT:**

APPELLATE ATTORNEY
COLIN D. MCFALL
513 NORTH CHURCH   ST
PALESTINE, TEXAS 75801

TRIAL COUNSEL
COLIN MCFALL
513 NORTH CHURCH ST
PALESTINE, TX  75801

**FOR THE STATE:**

TRIAL COUNSELS
STANLEY SOKOLOWSKI
1ST ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 NORTH CHURCH ST
PALESTINE, TX  75801
(903) 723-7400

ON APPEAL
M. BRIAN EVANS
ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 NORTH CHURCH ST
PALESTINE, TX  75801
(903) 723-7400

## **TABLE OF CONTENTS**

**PAGE**

Identity of Parties and Counsel .    .    .    .    .    .    .    ii

Table of Contents .    .    .    .    .    .    .    .    .    iii

Index of Authorities    .    .    .    .    .    .    .    .    iv

Statement of the Case    .    .    .    .    .    .    .    .    1

Issues Presented    .    .    .    .    .    .    .    .    .    1

Statement of Facts .    .    .    .    .    .    .    .    .    1

Summary of Argument    .    .    .    .    .    .    .    .    2

State's Reply to Appellant's Point of Error 1    .    .    .    .    2-6

Prayer    .    .    .    .    .    .    .    .    .    .    7

Certificate of Service    .    .    .    .    .    .    .    .    8

Certificate of Word Count    .    .    .    .    .    .    .    8

# INDEX OF AUTHORITIES

**Cases**      **Page**

*Acosta v. State*, 429 S.W.3d 621 (Tex.Crim.App.2014) . . . 2,3

*Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App.2010) . . . 2

*Brown v. State*, 270 S.W.3d 564 (Tex.Crim.App.2009) . . . 3

*Chambers v. State*, 805 S.W.2d 459 (Tex. Crim. App. 1991) . . 4

*Clayton v. State*, 235 S.W.3d 772 (Tex.Crim.App.2007) . . . 3,4

*Dewberry v. State*, 4 S.W.3d 735 (Tex.Crim.App.1999) . . . 3

*Hooper v. State*, 214 S.W.3d 9 (Tex.Crim.App.2007) . . . 4

*Jackson v. Virginia*, 443 U.S. 307 (1979) . . . . . 2,3,4

*Martinez v. State*, 178 S.W.3d 806 (Tex.Crim.App. 2005) . . . 4

*Nguyen v. State*, 1 S.W.3d 694 (Tex.Crim.App. 1999) . . . 5

*Wirth v. State*, 361 S.W.3d 694 (Tex.Crim.App.2013) . . . 2

**Statutes**

*Tex. Code Crim. Proc. Ann. Art.* 38.04 (Vernon Supp. 2009) . . 3

*Tex. Penal Code Ann.* § 71.02 (Vernon Supp. 2009) . . . 5

## STATEMENT OF THE CASE

The Statement of the case is as stated in Appellant's brief pages 10 - 12. The Reporter's Record will be referred to as "RR" unless otherwise noted. The Clerk's Record will be referred to as "CR". Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

## ISSUES PRESENTED

**POINT OF ERROR 1:**

Appellant contends the evidence is legally insufficient to support a conviction for Engaging in Organized Criminal Activity.

## STATEMENT OF FACTS

The Statement of Facts are as stated in Appellant's brief.

## SUMMARY OF ARGUMENT

**POINT OF ERROR 1 RESTATED:**

Appellant contends the evidence is legally insufficient to support a conviction for Engaging in Organized Criminal Activity.

## ARGUMENT

The evidence is legally sufficient to support a conviction for Engaging in Organized Criminal Activity.

### STATE'S REPLY TO APPELLANT'S POINT OF ERROR:

The Court of Criminal Appeals held that there is "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard" and that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. All other cases to the contrary, including *Clewis*, are overruled." *Brooks v. State*, 323 SW3d 893, 894 (Tex.Crim.App. 2010); *See also Writh v. State*, 361 S.W.3d 694 (Tex.Crim.App. 2013) *reaffirming the reversal of Clewis and it's progeny*; and *Acosta v. State*, 429 S.W.3d 621, 624-5, (Tex. Crim. App. 2014).

In reviewing the sufficiency of the evidence to support a conviction, appellate courts view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App.2007); *Acosta* 429 S.W.3d at 624-5. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See Tex.Code Crim. Proc. Ann. art.* 38.04 (Vernon 2013); *Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App.2008), cert. denied, 556 U.S. 1211 (2009), vacated on other grounds by *Ex parte Brown*, 2014 Tex. Crim. App. Unpub. LEXIS 984 (2014).

Thus, reviewing courts may not re-evaluate the weight and credibility of the evidence and substitute their judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999), cert. denied, 529 U.S. 1131 (2000). Instead, appellate courts "determine whether the necessary inferences are reasonable based upon the combined and

cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App.2007). Reviewing courts must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. It is well established that the fact finder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Each fact does not need to directly and independently point to the guilt of the Appellant as long as the cumulative force of all the incriminating circumstances is ultimately sufficient to support the conviction. Circumstantial evidence is equally as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to support a conviction. *Hooper*, 214 S.W.3d at 13.

Appellant asserts on appeal that the evidence is insufficient to support his conviction for one count Engaging in Organized Criminal Activity.

A person commits engaging in organized criminal activity if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, the person commits or conspires to commit one or more of

the enumerated offenses, including forgery. *Tex. Penal Code Ann.* § 71.02(a)(1). The Court of Criminal Appeals has construed this language as requiring a "continuing course of criminal activities." *Nguyen v. State,*1 S.W.3d 694, 696-97 (Tex.Crim.App. 1999).

Count Five alleged Appellant "did then and there commit the above offenses (four counts of forgery) with the intent to establish, maintain, or participate in a combination or in the profits of a combination who collaborated in carrying on said criminal activity." (CR, p. 7). The additional Counts alleged forgery charges against Appellant. (CR, pp. 5-7).

During the trial, the jury heard testimony that four individuals, Troy Mouton, Colby Mitchell, Joshua Breaux, and the Appellant were on all a road trip together. (RR, Vol. 4, p. 10). There was testimony that these individuals were passing counterfeit money to various businesses during this road trip. (RR, Vol. 4, p. 12). In fact, the Appellant was using a counterfeit fifty dollar bill when officers stopped the vehicle at J.J.'s 107. (RR, Vol. 3, p. 9). The Appellant fled the scene but was eventually taken into custody. (RR, Vol. 3, p. 12). Appellant was found in possession of five counterfeit fifty dollar bills when he was arrested. (RR, Vol. 3, p. 14).

The jury, as finder of fact, could choose to believe the testimony and convicted the Appellant guilty of four counts of Forgery and a single count of Engaging in Organized Criminal Activity. (CR, pp. 71-72). The testimony explained that the individuals were on a road trip and continuously passed counterfeit money to different businesses. This continuous criminal activity is differentiated from the cases asserted by the Appellant where multiple charges stemmed from one incident. The testimony in the present case established that the four individuals were engaged in continuing course of criminal activity, specifically forgery, during their road trip. Therefore, the jury found the Appellant guilty on all counts based on this testimony. As such, there is legally sufficient evidence to support Appellant's conviction on the count of Engaging in Organized Criminal Activity and his appeal should be denied.

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration hereof affirm the decision of the Trial Court and overrule Appellant's Point of Error.

Respectfully submitted by,


*/s/ M. Brian Evans*
**M. BRIAN EVANS**
Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
500 N. Church Street, RM 38
Palestine, Texas  75801
Texas Bar No. #24082972
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via fax/email to: COLIN MCFALL on this the 14th day of December, 2015, in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure.

*/s/ M. Brian Evans*
**M. BRIAN EVANS, ASSISTANT CRIMINAL DISTRICT ATTORNEY**

## CERTIFICATE OF WORD COUNT

I also certify that the entire word count of the State's reply brief is 1644 words.

*/s/ M. Brian Evans*
**M. BRIAN EVANS, ASSISTANT CRIMINAL DISTRICT ATTORNEY**